ALBANY,
October, 1823.

VAN RENSSE-
LAER
v.
SHERIFF OF
ONONDAGA.

In the matter of SANDERS VAN RENSSELAER *against* the SHERIFF of the county of ONONDAGA.

In *January*, 1817, a judgment for $260, was docketed in the *Onondaga* Common Pleas, in favour of *Schuyler Van Rensselaer*, against *Lester Dady*. A *fi. fa.* was issued thereon, under which the Sheriff of *Onondaga*, on the 11*th* of *April*, 1822, sold the right and title of *Dady*, to about 70 acres of land in *Fabius*, in that county, to *Sanders Van Rensselaer*, an Attorney at law, for $152,90, who paid his bid, and a certificate of sale was made and filed pursuant to law. Neither the defendant, nor any one claiming under him, re-redeemed or offered to redeem the land so sold, within one year after the sale; but on the 1*st* day of *July*, 1823, *Victory Birdseye*, by virtue of a judgment before a Justice of the Peace, which was filed and docketed in the *Onondaga* Clerk's office, in the month of *March*, 1822, paid to the Sheriff, the amount bid by *Sanders Van Rensselaer*, with the ten *per cent.* interest thereon, and claimed the right of redeeming the land as judgment creditor of *Dady*. *Sanders Van Rensselaer*, on the 7*th* of *July*, 1823, received of the Sheriff the amount thus paid by *Birdseye* and, on the same day, repaid to the Sheriff the same sum with the interest thereon, and also the amount of *Birdseye's* judgment, with the interest thereon, and at the same time produced and left with the

*Neither the defendant, nor his grantee, can redeem land sold upon execution, pursuant to the act in addition to the act concerning judgments and executions, after one year from the time of the sale. But within that time, he or his grantee, have the exclusive right of redemption. The right of creditors to redeem, doe not attach till after the year has elapsed; from which time, for three months, they have the exclusive right of redeeming. The defendant, or his grantee, redeeming, are in no case,* bound to pay more than the money bid at the original purchase, with ten *per cent.* interest.

An assignee of a judgment is a judgment creditor, within the meaning of the act, and may redeem; and this, though he purchase the judgment after the sale of the land by the sheriff.

A judgment, obtained at any time within 15 months after the sale, is a *lien*, and entitles the creditor therein to redeem. And though the judgment be confessed voluntarily, with a stipulation to stay execution thereon for a year, yet this does not preclude the creditor therein from redeeming immediately.

The purchase of a *senior* judgment by a *junior* judgment creditor who is an attorney at law, made for the mere purpose of securing the younger debt, is not void within the statute *to prevent abuses in the practice of the law*, (*sess.* 41, *ch.* 259.) Nor is it forbidden by that statute, which is penal, and ought not to be extended by construction.

A judgment creditor, coming to the sheriff to redeem, pursuant to the act, may produce an exemplification of his judgment, or a certificate thereof from the clerk, either of which will be sufficient evidence to the sheriff, that he is entitled to redeem; if he be an assignee, it is proper that he should also give notice to the sheriff of the assignment.

ALBANY,
October, 1823.

VAN RENS-
SELAER
v.
SHERIFF OF
ONONDAGA.

Sheriff an exemplification of the record of a judgment in his own favour, against *Dady*, for 626 dollars, docketed in *April*, 1823, more than a year after the sale, and also a certificate, from the Clerk of the Supreme Court, of another judgment, in favour of *Stebbins* & *Hekok*, against *Dady*, for about $150, docketed in *July*, 1817, which had been assigned to *Sanders Van Rensselaer*, after the sale. On the 10*th July*, 1823, *Birdseye* received from the Sheriff the amount last paid by *Sanders Van Rensselaer*, and immediately thereafter paid back to the Sheriff the amount of the bid paid him by *Sanders Van Rensselaer*, with the 10 *per cent.* interest thereon, and claimed that he, (*Birdseye*) had received from *Dady*, on the 7*th July*, 1823, a deed of the land sold ; and at the same time, produced a power of attorney from *Dady*, dated *July* 7th, 1823, whereby *Dady* authorized him, in his name, to redeem the land so sold. This power was acknowledged before a commissioner, and left with the Sheriff. On the 12*th July*, 1823, *Sanders Van Rensselaer* demanded a deed of the Sheriff, which he refused to execute, on the ground that *Birdseye*, by virtue of the power from *Dady*, had two days before paid to him the amount bid by *Van Rensselaer*, together with the 10 *per cent.* addition thereon ; and that the defendant, or his grantee, had a right, under the act to redeem, at any time before the expiration of 15 months from and after the sale. The judgment entered in *April*, 1823, against *Dady*, in favour of *Sanders Van Rensselaer*, was by confession, on which about $300 was due. At the time of entering this judgment, *Sanders Van Rensselaer* stipulated with the defendant to stay execution thereon, for one year, and if certain conditions were complied with, then for a still longer time.

The question upon this case was, whether the defendant, or his grantee, had a right to redeem, after the expiration of one year from the time of the sale ; or whether under the circumstances of this case, the Sheriff was bound to convey to *Sanders Van Rensselaer*.

*N. P. Randall*, on the above facts, moved for a *mandamus* to the Sheriff of *Onondaga*, commanding him to convey to

# OF THE STATE OF NEW-YORK. 445.

*Sanders Van Rensselaer.* He said the question related wholly to *Dady's* right to redeem after the year. There is no dispute as to the amount tendered. The *2d section* of the act,(a) confines the right of the defendant to one year. The *3d section* gives 15 months to the judgment creditor. True, it is also provided by this section, that the defendant shall, in all cases, be entitled to redeem the lands in preference to any creditor; but this clause, when taken in connexion with the previous provisions to which I have adverted, means to confine the exercise of the right, by the defendant or his grantee, to the year. This having expired, the junior creditor has a right to redeem, which is indefeasible by any act of the debtor. *Sanders Van Rensselaer* purchased; *Birdseye* waited till the expiration of the year, and then redeemed as a junior creditor, and *Sanders Van Rensselaer*, a still younger creditor, redeemed from him in turn. According to the case of *Bissell* v. *Payn*,(b) the sale and certificate created a mere *lien* upon the land; and hence, though *Van Rensselaer's* judgment was not obtained till after the sale, it is equally a *lien* as if obtained before and he had a right to redeem. The title had not passed from the debtor.

But it will be said, that *Sanders Van Rensselaer*, being an *attorney at law*, had no right to purchase the judgment in favour of *Stebbens & Hekok*—that it is a chose in action, and therefore his purchase, being contrary to the act to prevent abuses in the practice of the law,(c) is void. But this statute extends to those purchases only, which are made with a view to prosecute. It does not declare the assignment void to all intents, but qualifiedly so for the purpose of a nonsuit upon the trial. Even if it is a violation of the statute, it is not void. The attorney may, if he chooses, buy the security, and submit to the penalty, but it remains valid and operative in his hands, notwithstanding.

*Birdseye*, contra. To succeed in his motion, Mr. *Van Rensselaer* must shew, not merely that the defendant has failed to redeem in time, but that he, (*V.*) has the right to a deed as a junior creditor. It will not be contended

ALBANY, October, 1823.

VAN RENS-SELAER v. SHERIFF OF ONONDAGA.

(a) Sess. 43, ch. 184.

(b) 20 John. 3.

(c) Sess. 41, ch. 259.

ALBANY,
October, 1823.

VAN RENS-
SELAER
v.
SHERIFF OF
ONONDAGA.

that he is entitled to a deed as purchaser at the sale. The money which he paid in that capacity, has been refunded, and his claim as creditor must rest upon the judgment of *Hekok & Stebbins*, for it is clear that his own judgment is not a *lien.*

1. As to his right under the judgment of *Hekok & Stebbins*; he produced no evidence whatever to the Sheriff, shewing that he had any right as an assignee. The Sheriff was not bound to take his word. The statute makes no provision for redemption by *assignees* of the judgment creditor. The *2d section* provides merely, that the defendant, his heirs, &c. or grantees may redeem, and the *3d section* gives the same right to the *junior creditor*. By a subsequent part of the same clause, it is extended to his *executors and administrators. Expressio unius est exclusio alterius.* It is not conferred either on *heirs* or *assignees.* These, doubtless, were purposely omitted in the act. Had they been intended, the legislature would have provided some mode for recording and giving notice of the assignment. If an assignee may redeem in that capacity, when a creditor still younger comes to redeem of him, he is, like a creditor, to be paid his full judgment; but how is the former to know where he must apply to redeem, or how much he is to pay? The Sheriff can no longer give him any information, for the matter has passed beyond his knowledge, and becomes a thing between the two creditors. The one coming to redeem is not bound to look beyond the record, to know who the creditor is. This should be so. Suppose a *femme sole* is entitled to redeem—she marries—could the husband come in as a redeeming creditor, without first being made a party to the record by a *sci. fa. ?* No statute ought to be so construed as to be inconvenient or against reason.(d) It ought never to be extended by a construction which will be evil in its consequences.(e) This is like the sale of a widow's right of dower, which is void, if before the dower is assigned. She must claim it in her own name.(f)

Again; this assignment is void within the statute mentioned on the other side. That act provides that no attorney,

(d) Bac. Ab. Statute (I) pl. 10.
(e) id. pl. 6.
(f) Jackson v. Aspell, 20 John. 411.

*&c.* shall directly or indirectly buy, or be in any way or manner interested in buying any bond, bill, promissory note, bill of exchange, book debt, or *other chose in action.* A *judgment is a chose in action,*(g) and a sale or assignment to an attorney at law is contrary to the statute, and therefore void. The statute is general, positive, and unqualified, that attorneys shall not purchase, and is not confined to cases where the demand is brought for prosecution.

2. *Sanders Van Rensselaer* held neither of his judgments at the time of the sale. The assignment by *Hekok & Stebbins,* and the confession of judgment by *Dady,* are both posterior in time to the sale and certificate. Can a creditor come in and redeem upon a judgment obtained the very last day of the 15 months ? The statute refers throughout to a state of things existing at the time of the sale. The state of parties and of *liens* must both continue to be the same from that time to the time of redemption, and cannot be changed at the pleasure of a single party. It would be most absurd to allow a judgment obtained at the last moment to be executed *nunc pro tunc,* as of 15 months before it was obtained. The act of redemption by the creditor is equivalent to a levy and sale of the land upon execution and cannot be enforced upon property which was sold before it came into existence. The junior judgment creditor on redeeming takes all the rights of the purchaser ; and will the Court give such a construction to the act as will enable a creditor, who obtains his judgment at the last hour of the 15 months, to go to the first purchaser, and by redeeming, divest all the rights of mortgagees and grantees, which have intervened between the first judgment, under which the sale took place, and the last judgment? This would be subverting the order of *liens* to a most dangerous extent, and contradict an important rule in the construction of statutes.(h)    If a plaintiff *be indebted* to a defendant, or the latter *have a demand* against the former, he may set it off. This is the language of the statute of set off.(i) Though this statute is general, yet in construction, it is held that the debt, or demand to be set off, must exist at the time of suit

*Margin notes:*

ALBANY,
October, 1823.

VAN RENS-
SELAER
v.
SHERIFF OF
ONONDAGA.

(g) *Jac. L.
D. Chose in
action.* 2 Bl.
Com. 396-7.

(h) *Bac. Ab.
Statute,* (I)
*pl.* 6.
(i) 1 R. L.
515.

ALBANY,
October, 1823.

VAN RENS-
SELAER.
v.
SHERIFF OF
ONONDAGA.

(j) Car-
penter v. But-
terfield, 3
John. Cas.
145.

(k) Book 2,
ch. 15, s. 233.

(l) id. ch. 17,
s. 273.

(m) Bac. Ab.
Mandamus,
(E)

brought.(j) This goes upon the reason of the case. So here, though the words be general, that any creditor, *having* a judgment, &c. may redeem, yet in reason and justice the words should be limited to the time of the sale.

I have said that this act of redemption by a judgment creditor is a statute execution. The party executing his judgment in this mode, is estopped to say, that it is not satisfied. He has no more right to do this, than a mortgagee would have to say that his mortgage was not satisfied, on a decree of strict foreclosure. If this is to be considered a statute execution, how stands the right of *Van Rensselaer* in this point of view ? He has violated his agreement. He entered into a stipulation not to pursue his judgment to execution, under a year or more ; then, in the face of this stipulation, he proceeds to execution immediately. The redemption is thus unauthorized and void. He agrees not to issue execution ; but he does an act which takes away the defendant's farm by force of that very judgment, which he has agreed not to enforce. The substance of the stipulation is, that the defendant shall have an extended credit of a year or more. The obligation to adhere to the intent and spirit of a stipulation, instead of its words, is very fully illustrated in *Vattel's Law of Nations*.(k) *Mahomet,* Emperor of the *Turks,* at the taking of *Negropont,* having promised a man to spare his head, caused him to be cut in two through the middle of his body.(l) The Court may refuse the writ, if they see that granting it will bear hard upon the defendant, as being pursued by the *relator* contrary to the fair import of his stipulation.(m)

3. But the defendant had a right to redeem after the year had expired. The 3d *section* gives the judgment creditor a right to redeem, only upon the defendant's default. It declares that the defendant shall, *in all cases*, be entitled to redeem in preference to the creditor. During the 12 months, there is no competition whatever ; the right to redeem during this period, belongs exclusively to the defendant ; so that, in reference to this time, it would be altogether nugatory and idle for the statute to provide that the defendant should be entitled to preference. It can, therefore, apply to the three

remaining months only ; and it evidently contemplates a right to redeem during this period, common both to debtor and creditor.  This construction is strongly confirmed by the language of the 4*th section*, which is, " that, if the lands sold shall not be redeemed, as aforesaid, either by the *defendant* or such *creditor* as aforesaid, *within* 15 *months from the time of sale*, then a deed shall be executed to the purchaser."  The case of *Bissell* v. *Payn*, cited on the other side,  decides that the sale and certificate operate as a mere *lien* upon the land, and do not divest the defendant's title, till the 15 months have expired.  And it is absurd to call it a mere *lien* upon the defendant's lands and to say that his title is not divested till that time, and yet, that the defendant cannot redeem.  It is difficult to conceive what title does remain in the defendant, unless he has the right to redeem.  If he is foreclosed of this, the right to the land is gone forever.  It is the nature of a *lien*, that it is redeemable by the owner of the property bound by it.  When this right ceases, the *lien* is turned into a title.  A different construction would be nugatory ; for the debtor might always redeem indirectly, during the 15 months, by confessing judgment to a friendly creditor, and arrive at the same result by redeeming through him.  The rights of creditors ought not to be subserved at the expense of debtors.  The latter were looked to by the statute, as one object of protection.  My construction will, it seems to me, answer both purposes of the legislature the most effectually.

It may be objected, that by receiving the money paid in by *Van Rensselaer*, I have waived all objection to his right to redeem upon his judgments.  But this can make no difference.  A junior incumbrancer may always pay off a senior one, and is entitled, in Equity, to be substituted for the elder incumbrancer.  I have then done no more, in accepting this money, than a Court of Chancery would have compelled me to do.(*n*)   In this point of view, it cannot be considered a waiver of any objection to his coming in the capacity of a redeeming creditor.

The application of *Van Rensselaer* to redeem was entire, and not upon either judgment separately ; and if the

ALBANY,
October, 1823.

VAN RENS-
SELAER
v.
SHERIFF OF
ONONDAGA.

(*n*) *The Silver Lake Bank* v. *North*, 4 *John. Ch. Rep.* 370.

ALBANY,
October, 1823.

VAN RENS-
LAER
v.
SHERIFF OF
ONONDAGA.

objection to his right upon either judgment is valid, he must fail in his application for a *mandamus.* The whole must stand or fall together. The Court cannot distinguish between the judgments, and direct upon which the deed shall be given.

*J. C. Spencer,* in reply. *Sanders Van Rensselaer's* right to redeem as judgment creditor is complete, both as assignee and in his own right. An assignee of the judgment creditor comes within the very terms of the act. It provides, in the *3d section,* that it shall also be lawful for *any creditor* of any defendant, &c. to redeem, &c. The words, *any creditor,* are of an import sufficiently extensive to include the *assignee.* He has all the rights of a creditor, may prosecute upon the subject of his assignment, may become a petitioning creditor under the insolvent act, may receive payment, or release the claim, or compound or discharge it, in any way he pleases. The words are, *any creditor &c. who shall have a judgment, which is a lien,* &c. The assignee has a judgment, which is a *lien ;* and the *3d section* farther provides, that any subsequent creditor may redeem from the first, by reimbursing to him, his executors, &c. or *assigns.* This word *assigns,* does not mean merely the assignees of the redemption right. It extends to the assignees of the judgment ; thus contemplating an assignment of the *lien* by express terms. It extends to the very case under consideration, and shews that *Van Rensselaer,* who redeemed as assignee, acquired a right under the statute as such, which is redeemable in turn. The words are not *party* or *plaintiff,* but *creditor* and *assigns.* This construction, moreover, renders the statute conformable to the common law rule, that the assignee of a *chose in action* shall be protected in his rights against the acts of the original parties. Suppose the one who comes to redeem is an assignee under our bankrupt or insolvent act, he would clearly have a right to redeem ; and a voluntary assignee is protected as effectually by our laws as if he is such by their own operation, especially after notice of the assignment, which was given by *Van Rensselaer,* to the Sheriff. Nor is there any force in

ALBANY,
October, 1823.

VAN RENS-
SELAER
v.
SHERIFF OF
ONONDAGA.

the objection, that the legislature have provided no mode of proving or giving notice by a registry of the assignment. The same objection might be made to the rights of assign-ces in all other cases ; but no such objection has been heard of. The argument might be proper for the legislature, but has no weight in a Court of justice, whose duty it is to expound, not to make laws. The common law requires actual notice to be given ; and on giving this notice, the assignee is enti-tled to have redemption made from him by subsequent cred-itors, to the extent of all the judgments which he holds as assignee. Why not ? The case put of a husband becoming party to a judgment, by intermarriage with a *femme* judg-ment creditor, allowing the position to be correct that he would have no right to redeem without a *sci. fa.* is not a parallel case ; for he comes in by act and operation of law. But a *sci. fa.* is never necessary to enforce the rights of a voluntary assignee. The case of *Jackson* v. *Aspell*, cited to shew that a right in unassigned dower is not transferra-ble, went upon the ground that such a right is, in its nature, not assignable, and has no application to a judgment, which is confessedly otherwise.

It is complained that *Van Rensselaer* is seeking, con-trary to his stipulation, to take away the defendant's lands. This is spoken of as a hardship and misfortune, which calls upon the Court to exercise their discretionary power in re-fusing our motion. It is a sufficient answer, that the defen-dant has no rights at all. This is his real misfortune. Be-sides, the term of redemption by him being passed, he has conveyed all his rights to Mr. *Birdseye ;* and if we succeed, it is against the latter.

As to the statute which forbids the purchase of a *chose in action* by an attorney, it evidently extends merely to a buying for the purpose of prosecution. The several sec-tions are to be taken together. The 1*st* forbids the pur-chase, but the 2*d* explains the reason of the prohibition, and declares the consequences, which are a nonsuit upon an action brought. The intent is, plainly, to prevent the mul-tiplication of suits, by enabling the defendant to set up the purchase as a defence upon a suit brought, and inflicting a

ALBANY,
October, 1823.

VAN RENSSE-
LAER
v.
SHERIFF OF
ONONDAGA.

(o) Exod. ch.
20, v. 4, 5.

(p) 20 John.
3.

penalty for buying with intent to prosecute. Being penal, the statute ought not to be extended by construction beyond the fair import of the words. In determining this, we ought not to stop at the 1st section. We might as well stop at the first section in construing the 2d commandment.(o) " Thou shalt not make unto thee any graven image," &c. which would prohibit the labours of the statuary. It is the second section of that commandment, " thou shalt not bow down to them, nor serve them," which determines the construction, and makes it, really, a commandment to *abstain from idolatry.*

But *Van Rensselaer* might redeem, as he claimed to do in his own right, upon the judgment confessed to him. It was not necessary, as contended, that, for this purpose, his judgment should be as old as the sale. It is enough, that it was confessed within the 15 months. Till that time, the purchaser has a mere *lien*, and any judgment against the defendant attaches upon the land. This is settled by *Bissell* v. *Payn*.(p)

The right of redemption is called, on the other side, a statute execution, and a variety of important consequences are attempted to be deduced from giving it this character. It is said that, by the act of redemption, the judgment is satisfied ; and that a contrary construction, and allowing the redeeming creditors to come in by a judgment, confessed at the last moment of the 15 months, and take all the rights of original purchaser, would overreach intermediate mortgages, subvert *liens*, &c. But there is no such retroaction of the new judgment, as has been apprehended. It takes effect only from the expiration of the 15 months, till which time, the sale is a mere *lien*. It therefore overreaches no intermediate *liens* ; or, if otherwise, the word *grantee*, in the act, is sufficiently broad to cover the rights of a *mortgagee*, who can come in during the 12 months, and redeem as a purchaser, from the defendant. The whole objection upon this idea of a statute execution is a mere theoretical absurdity. True, as is said, the statute authorising a set off, prescribes no time at which the demand to be set off must arise, and in construing it, the Courts go upon the ground that a defen-

dant shall not, by his own act, defeat the plaintiff's claim for the costs of an action which he had originally a right to bring, in consequence of the default of the defendant. It comes within the general rule, that no one shall take advantage of his own wrong. We have said, that the creditor's redeeming is not a satisfaction of his judgment. This is still farther evident from the policy of the law, which is to keep up competition and preserve the existence of judgments to the last moment. Suppose a judgment of $10,000, and that land worth only $100, is sold on a senior judgment for $50, the junior judgment creditor for $10,000, redeems; would this satisfy his judgment ? No. It is not satisfied till a subsequent redemption, by another creditor, still junior.

ALBANY,
October, 1823.

VAN RENSSE-
LAER
v.
SHERIFF OF
ONONDAGA.

The stipulation to stay execution is, therefore, no obstacle to an immediate redemption. The judgment was given as a security. The act of redemption is no execution, and is, therefore, not a violation of the stipulation. It is not a satisfaction, but a mere redemption for better security. If the defendant pays the claims of *Van Rensselaer*, within the 15 months, he may, under the stipulation, be either divested of his rights, or he would hold as a trustee for the defendant's use. But the defendant is not here to make the objection. His interest is gone.

We deny that the words of the statute, giving the defendant's right of redemption a preference, *in all cases*, to that of the creditor's, extends beyond the 12 months. This clause was necessary to secure him against the creditor, who is allowed to redeem on the *defendant's default*. The default here spoken of is that of a single moment, at any time, within the 12 months, upon which, had it not been for this clause, the creditor might have defeated his right forever by redeeming. By virtue of that clause, if he redeems within the 12 months, as he may do, he does it subject to be defeated by a redemption of the debtor. The rights both of debtor and creditor are thus, to a certain extent, common during the 12 months, but the debtor's is preferred. After this time the debtor can no longer redeem. It is enough, that he has had the 12 months. Several successive redemptions may be made during the remaining three

ALBANY,
October, 1823

VAN RENSSE-
LAER
v.
SHERIFF OF
ONONDAGA.

months, and it is inconvenient and unreasonable, that he should have a right to defeat these at the last moment. If he has this right, the whole of the 3d *section* would be nugatory. The preference given, therefore, *in all cases*, to the defendant, refers merely to the *cases* before provided for in the act, wherein the defendant might redeem. It is a clause restraining the rights of the creditor, and explaining those of the debtor, as they exist within the compass of the 12 months. It was not intended to confer any additional rights. It gives no new rights either to debtor or creditor, but barely modifies those which were before created by the statute. The power supposed, of the creditor's arriving at a right to redeem during the three remaining months, by confessing judgment to a friendly creditor, would not be tolerated. It would be a fraud upon the rights of *bona fide* creditors, even if confessed upon a valuable consideration. An act thus intended to defeat the statute, would not be allowed to prevail. But suppose we are mistaken in this part of the argument; let him confess to his friendly creditor. Perhaps no evil can arise to any one, while it aids the debtor by still farther promoting competition among creditors and in this point of view, subserves one of the important purposes of the statute.

*Birdseye* is *estopped* by his own act from objecting to our motion. He has received the money which we have paid as judgment creditor. Besides, this extinguishes all the demand which he can pretend to, in virtue of his judgment. It reduces him to the claim upon his deed as a *grantee*, which, as we have already shewn, he cannot exercise in this manner after the year.

It is sufficient for *Van Rensselaer*, that either of his judgments were valid for the purposes of redemption. He comes within the rule, that where one is acting under two authorities, one good and the other void, the one which is good shall prevail.

The JUSTICES, in delivering their opinions, spoke nearly as follows :

SUTHERLAND, J. The questions to be determined in this cause, arise upon a motion for a *mandamus*, to be directed to the Sheriff of *Onondaga*, commanding him to give a deed of conveyance of certain lands, situate in that county, to *Sanders Van Rensselaer*, who, on the 11*th* of *April*, 1822, purchased these lands under an execution against one *Dady*, and the same day paid his bid to the Sheriff. No attempt to redeem was made by the defendant, for more than a year from the time of the sale. On the 1*st* of *July*, 1823, *Birdseye* redeemed as judgment creditor, upon a Justice's judgment in his favour, docketed before the sale. On the 7*th* of the same month, *Van Rensselaer* redeemed from *Birdseye*. He claims that he had a right to do this as judgment creditor, and shews a judgment in his own favour against *Dady*, docketed in *April*, 1823, and another judgment assigned to him, previous to his attempt to redeem, by *Stebbins & Hekok*, docketed in 1817, against the same defendant. He received of the Sheriff the money paid by *Birdseye* and immediately repaid the same money to him, together with the amount of *Birdseye's* judgment, and the 7 *per cent.* interest. On the 10*th* of *July*, *Birdseye* received of the Sheriff the money paid by *Van Rensselaer*, and on the same day repaid to the Sheriff the amount of the bid paid by *Van Rensselaer*, with the 10 *per cent.* interest, claiming to redeem as grantee of *Dady*, and also under a power of attorney from the latter, as defendant in the execution under which the premises were sold.

Upon this state of facts, one question is, whether the defendant, or his grantee, can redeem after the lapse of a year from the time of the sale. If he has the right to redeem, at any time within the 15 months, *Birdseye*, as his grantee or attorney claiming under him, had the same right. Upon examination of the act in question, we think the defendant cannot redeem after the 12 months. The 2*d section* declares, *that it shall and may be lawful for any defendant, his heirs, &c. or grantees, whose lands or tenements shall be sold, &c. within one year from and after such sale, to redeem, &c. on paying the monies bid at the purchase.* The part of the statute which is principally relied on, and which is indeed

ALBANY,
October, 1823.

VAN RENS-
SELAER
v
SHERIFF OF
ONONDAGA.

ALBANY,
October, 1823.

VAN RENS-
SELAER
v.
SHERIFF OF
ONONDAGA.

the only part which could create a doubt upon this question, is a clause in the *3d section*, which provides " that the defendant shall, *in all cases*, be entitled to redeem such lands or tenements, in preference to any creditor." It is supposed that this clause, when taken in connexion with the previous provisions of the act, shews that the legislature intended to give the same time of redemption both to debtor and creditor ; or in other words, that it controls the provisions of the *2d section*, by extending the term of redemption there allowed to 15 months. We think differently. This clause must be taken in connexion with, and in reference to the provisions of the *2d section*. In any other view this section would be nugatory. It might better have been entirely omitted, if the legislature had intended to give the defendant the full 15 months, with the right to redeem at any time within that period. This construction is much strengthened by looking at the consequences which would flow from the opposite one. The intention of the act was to give the defendant a reasonable time to redeem, for the benefit both of himself and his creditors. One year was considered a reasonable time. If he failed to redeem within this period, the object then was to put his land at auction, to the best advantage among his creditors. For this purpose, the judgment creditors are allowed the additional three months. Within this time, one of them redeems from the purchaser ; a second creditor, redeeming from the first, is bound to pay him, not only the original bid, but his prior incumbrance. Then comes the defendant. Now it is clear that he is, in no case, bound to pay more than the first purchase money, with 10 *per cent*. interest. He thus vacates the original purchase and certificate, and leaves the creditor who last redeemed without remedy against the previous creditor, whose incumbrance he has satisfied. This evil cannot be avoided, if we suffer the rights both of debtor and creditor to run on together during the whole 15 months, giving the former a preference during the whole time. No prudent creditor will thus pay over his money and run his chance of recovering it from the senior creditor upon the defendant's redeeming, even if he would have a legal remedy for it upon

ьuch an event. The defendant may reserve himself to {'·c last moment of the time, and then, by a partial paymenι defeat all previous acts of redemption by the creditors, or, which is the most probable upon such a construction, find no competition among his creditors, exerted or attempted. Thus, one important object of the act would be utterly defeated. The only way of avoiding this consequence is by confining the defendant to the year. By doing this and confining the creditors to the remaining three months exclusively, the defendant can come to redeem in those cases only where it is proper on paying the purchase money alone with the 10 *per cent.* interest. *Van Rensselaer* is, therefore, entitled to his deed, unless there is some objection upon other grounds.

ALBANY,
October, 1823.

·ıⅴ RENS-
ELAER
ⅴ
SHERIFF OE
ONONDAGA.

It is said, that *Van Rensselaer*, being a mere *assignee* of one judgment, and his own having been confessed *after the sale*, he had on right to redeem upon either, and that if he faile d in his authority as to one, the attempt to redeem being entire, the Court cannot discriminate and give effect to either, for the purposes of this application. I think *Van Rensselaer* had a right to redeem as creditor on either, or both, of these judgments. The act says, it shall be lawful for *any creditor* to redeem. An assignee is a creditor within the statute. He is *a creditor having a lien*, within the terms of the act; and he comes within its spirit and object, which is to make the land pay as many judgments as possible. The intent is, every way, just as well accomplished by allowing the assignee to redeem, as by confirming the right to the nominal creditor. It is said that this construction will result in sundry inconveniences, which were adverted to by the counsel; but the meaning of the act being plain, the consequence is a thing with which we have nothing to do. If the inconveniences are as great as it is supposed, they must be remedied by the legislature. But if this consideration could influence our decision; I am not satisfied that the evils arising from this doctrine are so serious as to have that effect, or as was urged upon the argument. One prominent mischief mentioned by the counsel was, that the junior redeeming creditor could never know how much to pay to the assign-

ALBANY,
October, 1823

Van Rens-
selaer
v.
Sheriff of
Onondaga.

ee of the senior judgment ; that the assignment not being recorded, the amount could not be known. But the same difficulty exists where the creditor himself comes in his own name and right. Although there is a record, yet the judgment may be satisfied. To know whether this be so or not, the creditor, who comes next, must go a step beyond the record. Actual notice of his rights, must of course be given by the *assignee*, as in other cases where a *chose in action* is assigned, or he cannot be known, recognized and protected as such. *Van Rensselaer's* course, in this instance, was the correct one. He produced to the Sheriff the exemplification of his own judgment, and a certificate from the Clerk of this Court, verifying the judgment in favour of *Stebbins & Hekok*, and gave the Sheriff notice of his assignment. We think this was doing all that could reasonably be exacted.

It was insisted that *Van Rensselaer*, being an *attorney at law*, this assignment is void within the act to prevent abuses in the practice of the law. But this is a case which does not come within the purview of that act. This statute, and the old one prohibiting the purchase, &c. of any bond, note or other writing, with intent to commence a suit thereon, &c.(q) are in *pari materia*. The late act never meant to forbid the purchase of one demand, for the mere purpose of securing another.

(q) *Sess.* 36,
*ch.* 48, *s.* 7.
*R. L.* 417.

It is objected, as to the judgment in favour of *Van Rensselaer*, that it was not confessed till after the sale. But, by the words of the act, any creditor who shall have a decree or *judgment*, which shall be a *lien* on the estate, may redeem. The existence of the judgment *at the time of the sale* is not essential. The statute contains no such limitation. Its fair construction will give a creditor a right to redeem, whose judgment is obtained at any time before the 15 months have expired. This construction will also further the intention of the statute, one object of which was to promote competition among the creditors to the greatest possible extent, in order to make the property pay debts to its full value. The motion for a *mandamus* must be granted.

ALBANY,
October, 1823.

VAN RENSE-
SLAER
v.
SHERIFF OF
ONONDAGA.

WOODWORTH, J. concurred.  He said that the act, after providing, by the 2d section, that the defendant may redeem at any time in one year after the sale, goes on, in the 3d section, to say, without qualification, that it shall be lawful for any creditor, having a lien, by decree or judgment, also to redeem in default of the defendant, within 15 months, in the manner prescribed in the 2d section.  The clause which then follows in the 3d section, " that the defendant shall, in all cases, be entitled to redeem such lands or tenements in preference to any creditor," was intended to explain away any doubt which might arise from the generality of the previous provision in that section.  It is a qualifying clause, and shews the intention of the legislature, that the creditor should not exercise this right of redemption till after the lapse of the 12 months allowed the debtor ; otherwise the creditor might come in, and redeem immediately, and thus destroy the debtor's right.  A contrary construction would do away the 2d section entirely ; and it is our duty so to construe the act, as that all may stand together.  In this view, observe the consequences if Birdseye is allowed to redeem as the grantee or attorney of Dady.  Although Van Rensselaer redeemed by paying the original bid together with Birdseye's lien, yet the latter may redeem, if at all, on repaying the original purchase money with 10 per cent. only, disregarding Van Rensselaer's liens.  This is an absurdity which never could have been intended by the legislature.

It was strenuously contended, on the argument, that the assignment to Van Rensselaer was void within the act to prevent abuses in the practice of the law.  But he had a judgment of his own, which was a lien upon the lands sold.  This was enough.  Yet I fully concur, that this act never intended to restrain the purchase of a previous lien, with the view to secure a subsisting debt.  The act is highly penal, and ought to be confined strictly to those cases which were obviously within the meaning of the legislature.

SAVAGE, Ch. J. concurred.  He said that he had no doubt as to the right of Van Rensselaer to redeem, up-

ALBANY,
October, 1823.

on either or both of his judgments ; that the *debtor* had an exclusive right of redemption during the year ; and that the right of the *creditors* was exclusive during the remaining three months.

Motion granted.