## TITUS *vs.* LEWIS.

It is a general rule that a sale of lands, under a judgment, destroys the lien of the judgment, on the lands.

But where, after the sale of premises upon an execution, for less than the sum due upon the judgment, the same are redeemed by the grantee of the judgment debtor, they may be resold by the sheriff, upon the same execution, for the balance remaining due thereon.

In such a case, a redemption under the first sale renders that sale null and void; and by such redemption the judgment is merely paid and satisfied *pro tanto*, but remains a valid lien upon the premises, for the unpaid balance.

EJECTMENT, tried at the Onondaga circuit in Sept. 1847, before Justice GRIDLEY, without a jury; a jury being expressly waived by the consent and agreement of the parties. The pleadings in the cause being produced, it appeared that the action was brought to recover possession of a parcel of land situated in the town of Otisco, in the county of Onondaga. A statement of facts, agreed upon by the counsel for the respective parties, was thereupon presented and read to the said justice; which statement was in the following words:

On the 15th day of April, 1840, a judgment was perfected and docketed in the court of common pleas of the county of Onondaga, upon bond and warrant of attorney, in favor of Henry K. Graves and others, against James Whitcomb, for deb⁺ $1880, and damages and costs $10. Upon which judgment execution was issued May 1st, 1840, endorsed with a direction to the sheriff to collect $950 and interest from date of judgment, which execution was delivered to the sheriff on the same day. At the date of the judgment, James Whitcomb, the defendant, was the owner of the lands described in the plaintiff's declaration in this cause. On the 3d day of August, 1844, the sheriff sold the premises in question, and also another parcel of land, upon the said execution, and also upon another execution which he held in his hands at the time, which was issued upon a judgment older than the one above mentioned. The premises

were bid in by Horace W. Titus; the premises in question at $150, and the other parcel at $400; paying of this judgment about $400.   On the 20th day of June, 1845, the premises in question were conveyed by James Whitcomb to Anson Whitcomb, and after such conveyance, and before the expiration of one year from the sale on the executions as above mentioned, Anson Whitcomb redeemed the premises in question as grantee thereof.   The sheriff then proceeded to resell the premises upon the same judgment and execution above set forth, (the execution still remaining in his hands,) to satisfy the balance of the judgment not paid by the former sale.   Such second sale took place on the 20th day of Sept. 1845, and the premises described in the plaintiff's declaration in this cause were then bid in by the plaintiff for the sum of $225.   The premises were not redeemed from this sale, and after the expiration of the 15 months, and before the commencement of this suit, the same were conveyed in due form by the sheriff of the county of Onondaga to the plaintiff.   The defendant, Clement Lewis, was in the possession of the premises at the time of the commencement of this suit, as the tenant of Anson Whitcomb.   Upon this statement of facts the counsel for the plaintiff rested his cause; whereupon the counsel for the defendant moved the court to nonsuit the plaintiff, upon the ground that, by the statement of facts submitted, it appeared that the premises in question had been sold upon the same judgment previous to the sale under which the plaintiff claimed.   This motion was denied by the judge, and the counsel for the defendant excepted to his decision. Thereupon the said justice declared his opinion that the plaintiff's title, derived from the sheriff's deed, founded upon such second sale, was sufficient to enable the plaintiff to recover, and directed the clerk to enter a finding for the plaintiff for the premises claimed, in fee.   To which opinion and ruling of said justice, the counsel for the defendant excepted.   And having filed a bill of exceptions, the defendant now moved for a new trial.

*C. B. Sedgwick*, for the defendant.

*B. Davis Noxon*, for the plaintiff.

*By the Court*, GRIDLEY, J. It is contended by the defendant's counsel that the first sale of the premises exhausted the lien of the judgment under which it was made ; and that, as a necessary consequence, the second sale for the unsatisfied balance, and the title of the plaintiff derived under it, are void. The general proposition that a sale of lands under a judgment destroys the lien of the judgment on those lands, is not to be disputed. (*Hewson* v. *Deygert*, 8 *John. Rep.* 333. *Ex parte Stevens*, 4 *Cowen*, 133.) It was however competent for the legislature to alter this rule ; and they have done so in relation to a certain class of cases, to which the one now under consideration belongs. The 45th section of title 5th, chapter 6, part 3 of the revised statutes, (2 *R. S.* 370,) gives a right of redemption of lands sold on execution, within one year from the sale, on the payment of the amount bid, with ten per cent interest thereon. The 46th section declares that such redemption may be made, (1.) by the judgment debtor whose lands were sold ; (2.) in case of his death, by his devisee or heir ; (3.) by his grantee who shall have acquired an absolute title to the lands by deed. Then comes the 49th section, which provides as follows : " Upon such payment being made, by ANY PERSON *so entitled to redeem* any real estate so sold, *the sale of the premises so redeemed, and the certificates of such sale, shall be* NULL and VOID."

In this case, therefore, by the very terms of this enactment, the redemption under the first sale rendered that sale *null* and *void*, and, by necessary consequence, there having been no sale in law there was no extinguishment of the judgment lien upon the premises. The judgment was merely *paid* and *satisfied pro tanto ;* but remained a valid lien for the unpaid balance. Such was the construction given to the act, by the court, in *Wood* v. *Colvin*, (5 *Hill*, 228,) which we regard as a direct authority for the plaintiff in this case. It is true, the lands

were redeemed in that case by the *judgment debtor ;* and in this, by his *grantee.* That circumstance, however, makes no difference ; for the statute makes the sale void, as to the grantee, precisely as it does against the debtor himself. The decision in the case of *Wood* v. *Colvin* was not put upon the ground that the lien of the judgment attached to the premises, which had been once sold, when redeemed by the judgment debtor, as upon lands newly acquired by him ; but distinctly upon the ground that the first sale had been nullified by the act of redemption, and that the case was to be regarded as though no sale had been made. That case is also a conclusive authority upon the point of the alleged irregularity of the sheriff in making the second sale, after the expiration of his term of office. The motion for a new trial must, therefore, be denied.

---

SAME TERM.    *Before the same Justices.*