## CURTIS v. MILLARD & CO.

1. JUDGMENT LIEN. The purchaser of real property at a judicial sale made under general execution, acquires only a lien for the amount of the purchase money and interest, which may ripen into a perfect title at the expiration of the time allowed for redemption; and a judgment rendered against the same judgment debtor after sale and before the expiration of the time allowed for redemption attaches as a lien upon the premises sold.

2. SAME. The failure of the subsequent judgment incumbrancer to redeem from the sale made under the prior judgment does not divest him of his right as against the debtor or his grantees, in the event either should redeem within the term prescribed by law.

*Appeal from Bremer District Court.*

MONDAY; OCTOBER 20.

THE firm of Gregory, Tilton & Co., in July, 1859, recovered a judgment of foreclosure against the firm of Downing & Foster, for the sum of $849.60. On this judgment, the mortgaged premises were sold to the said Gregory, Tilton & Co., for $500, at sheriff's sale. Afterward, on the 25th day of February, 1860, the premises in controversy were sold under a general execution to the said Gregory, Tilton & Co., for $464.50, as the property of Downing & Foster, to satisfy the balance then due on said judgment.

On the 24th day of July, 1860, defendants obtained a judgment against the said Downing & Foster for the sum of $142.38. On the 8th day of February, 1861, plaintiff purchased of Downing & Foster all the property sold under the last execution, including the right of redemption, for the sum of $500. On the 23d of February, 1861, plaintiff redeemed said property from the sale to Gregory, Tilton & Co. On the 11th day of January, 1861, an execution was issued on the said judgment of D. J. Millard & Co., and levied upon said property, which was advertised to be sold on the 16th of March, 1861. To restrain this sale, that a cloud might not be thrown upon plaintiff's title, or fraud

and oppression practised against him, he applied for and obtained an injunction.

An answer was filed denying the charges of fraud and oppression, and upon motion the injunction was dissolved, and the cause dismissed. Plaintiff appealed.

*Wright & Avery* and *Bagg & Allen* for appellant.

*Burke* for appellee.

LOWE, J.— Two questions arise upon the facts as above stated:

1. Was the defendants' judgment a lien upon the real estate sold upon the execution in favor of Gregory, Tilton & Co.?

2. If so, could the defendants enforce this lien against the grantee of the execution debtor without first redeeming the property from the sale to the said Gregory, Tilton & Co.?

The appellant holds to the negative of both questions. In regard to the first, he insists that after a sheriff's sale of a debtor's property, the debtor has nothing left in the property sold except the naked right of redemption, which is not an interest that can be seised and sold, nor upon which a subsequent judgment can operate as a lien. And then, again, if the defendants should be held to be lien creditors, they should have redeemed the property purchased by Gregory, Tilton & Co., within nine months from the date of their purchase, and having failed to do so they can now take nothing by their supposed lien, especially against the grantee of the judgment debtor.

Under our statute the legal estate of a judgment debtor is not divested by a sale of his land under execution, until after the expiration of the time for redemption, and the title has vested in the purchaser by deed from the sheriff. Prior to the delivery of such deed (which cannot be made

until after the time for redemption runs out), the legal estate, the possession, and usufruct, all remain with the execution debtor, and is an interest of value, or such an estate as may be the subject of a lien, or of a sale under an execution, or of a conveyance by deed from the debtor. If, during the interim between the date of the sale and the delivery of the sheriff's deed to the purchaser, other judgments are rendered against the debtor, it has been repeatedly held that they attach as *liens* upon the debtor's interest, which is one of real value, consisting not only of the legal estate, rents and profits, but the consequent right to discharge the lien and make his estate absolute. If, under such circumstances, the debtor should sell his right and interest in the premises, the purchaser would take it subject to all the liens and incumbrances that existed upon the same in the hands of the vendor. Now, the courts have frequently declared that the purchaser of lands sold on execution acquires by his purchase no more than a lien upon the lands for the amount of his bid, and interest during the time allowed for redemption. He acquires no right or estate upon which he could maintain ejectment, or which could be levied upon and sold for his debts; it is simply an inchoate or conditional right to an estate, liable to be defeated any time within one year by the payment of the purchase-money and interest. In the case at bar, the plaintiff's purchase of Downing & Foster was no less subject to the lien of Millard & Co., than that of Gregory, Tilton & Co., for both liens rested alike upon the property at the date of his purchase. The failure of Millard & Co., to redeem from Gregory, Tilton & Co., within nine months *lost* them that right, but it did not have the effect to render imperative their lien against his debtors or their grantee, in the event either should redeem within the time allowed them by law. These principles are fully sustained by the following authorities, made under statutes not essentially

different from ours, as it respects the questions involved in this case. *Vaughn* v. *R. & S. Ely*, 4 Barb., 159 ; *Smith* v. *Colvin*, 17 Id., 157 ; *Van Rensselaer* v. *Sheriff of Onondaga County*, 1 Cow., 443–501; *Bissel* v. *Payn*, 20 John., 3 ; *McLagon* v. *Brown*, 11 Ills., 519 ; *Titus* v. *Lewis*, 3 Barb., 70 ; 7 Cow., 540; 2 Wend., 507.

Affirmed.