SULLIVAN v. LECKIE, ADM'R.

NEWMAN v. SAME.

FLANAGAN v. SAME.

1. **Mortgage Foreclosure Sale:** SALE BY ADMINISTRATOR OF LEGAL
TITLE: JUNIOR JUDGMENTS NO LIEN ON PROCEEDS. Plaintiffs held
judgments against O., which were liens on his real estate subject to a prior
mortgage. O. died, and the holder of the mortgage foreclosed the
same, and had the land sold, and, within seven months after the sale,
defendant, O's, administrator sold the legal title for the net sum of
$364.38. Plaintiffs, without filing their judgments as claims in probate
against the estate of O., seek to have them adjudged to be equitable
liens on the $364.38. *Held* that their petitions were properly dismissed;
that their remedy was to redeem from the foreclosure sale; and that
their liens did not attach to the fund which the administrator received
upon the sale.

*Appeal from Dubuque Circuit Court.*

FRIDAY, DECEMBER 15.

ON the 27th day of October, 1880, J. & P. Sullivan filed, on the probate side of the Circuit Court, a petition as follows: "Now come J. & P. Sullivan, judgment creditors of the estate of James O'Neill, deceased, and state as follows: That heretofore, on the 27th day of February, A. D. 1877, they obtained a judgment against James O'Neill, in his lifetime, for the sum of $58.15, in the Circuit Court of Dubuque county, which became and was a lien upon O'Neill's real estate in Dubuque county. That on the 18th day of February, 1878, Mary McPoland obtained a judgment in the District Court of said county against C. Leckie, then and now the administrator of said James O'Neill, deceased, in and about the sum of $1,100, and a decree of foreclosure of a mortgage, given by said O'Neill, of all his lands in Dubuque county, prior to the rendition of plaintiff's judgment, but upon which the judgment of petitioners had become a lien. That said lands were sold at public sale upon the judgment in favor of said Mary A. McPoland, and within seven months from and after the date of said sale, C. Leckie, administrator, sold to one John Roach the equity of redemption in said lands, and received therefor the sum of $520.40, and, after payment of all costs and claims to complete said redemption, had and now has in his possession the sum of $364.38, it being the balance remaining in his hands of the proceeds of the sale of the equity of redemption of said James O'Neill, deceased, as will more fully appear by the report of said administrator, and of N. H. Utt, referee in relation thereto, now on file in this court; that upon said sum remaining in the hands of the administrator the judgment of plaintiffs was, and now is, a lien. Wherefore petitioner prays said sum, arising as aforesaid, be paid and applied in satisfaction of the judgment liens upon the lands of said O'Neill, in the order of their recovery, and in

payment and satisfaction of the judgment of plaintiff. To this petition the defendant demurred upon the following grounds:

"1. It does not appear that said J. & P. Sullivan have ever filed their claim against the estate of said James O'Neill, as prescribed by law. 2. It appears that their judgment was junior to the mortgage of Mary Ann McPoland, and that they had a right to redeem as junior incumbrancers, and having failed to do so have lost all lien advantage."

The petition and demurrer in the cases of Flanagan and Newman against Leckie are identical with the foregoing, except as to the amounts claimed. The Newman judgment being for the sum of $103.07, rendered February, 24, 1877; and the Flanagan judgment for $43.30, rendered August 9, 1877.

The court sustained the demurrer in each action, and rendered judgment against the plaintiffs for costs. The plaintiff in each case appeals.

*D. J. Lenehan*, for appellant.

*M. H. Beach*, for appellee.

DAY, J.—The plaintiffs are holders of simple judgments, recovered against James O'Neill in his lifetime. They now seek to establish an equitable lien for the amount of these judgments upon a fund in the hands of the administrator, arising from the sale of the equity of redemption of certain lands mortgaged by the defendant's intestate before the plaintiffs recovered their judgments, and foreclosed in an action against the defendant, as administrator. The plaintiffs, upon the recovery of their judgments, acquired liens upon the real estate in question, subject to the lien of the mortgage. Upon the sale of the mortgaged premises under execution, they acquired the right to redeem from the sale after the expiration of six months, and before the expiration of nine months, under section 3103 of the Code. Their judgments also continued

to be liens upon the equity of redemption, and if the defend-ant, on behalf of the estate, had redeemed from the foreclos-ure sale, the lien of the plaintiffs would probably have at-tached to the land, under the doctrine of *Curtis v. Millard,* 14 Iowa, 128, cited and relied upon by appellant. The error of the appellant is in assuming that the defendant redeemed from the foreclosure sale. He did not redeem from that sale. He sold the equity of redemption to John Roach. The effect of this sale was to invest Roach with the estate, subject to the lien of the mortgage, and the liens of the plaintiffs' judg-ments. The liens of the plaintiffs' judgments followed the land, and did not attach to the fund which the administrator received upon the sale. Where land covered by a lien is sold, the lien still remains upon the land, and does not attach to the fund received. The remedy of the plaintiffs was to re-deem from the foreclosure sale. If Roach has redeemed from that sale, probably the liens may still be enforced against the lands in his hands. See *Curtis v. Millard, supra.* It is clear that the plaintiffs have no lien upon the fund in the hands of the administrator. They can enforce their claims against the administrator only by filing and proving them in the ordinary way. The judgment is

AFFIRMED.