FRANK E. THOMPSON and Another, Plaintiffs, *v.* THOMAS G. THOMPSON et al., Defendants.

(Supreme Court, New York Special Term, January, 1917.)

Real property — judgments against — redemption of real property sold under an execution — rights of judgment debtor — attachment — Code Civ. Pro. §§ 1446, 1447, 1448.

 After the redemption of real property sold under an execution the same property may be again sold under the same judgment to satisfy a balance due thereon.

 Under section 1448 of the Code of Civil Procedure which provides that upon payment being made, by a person entitled to redeem real property, as prescribed in sections 1446 and 1447 of said Code, the sale of the property redeemed, and the certificates of the sale, as far as they relate thereto, become null and void, the redemption wipes out the sale and leaves the situation, so far as concerned the lien of the judgment, as though no sale had ever been made, the only surviving effect of the sale being such reduction in the amount of the judgment as may have resulted.

 The fact that an attachment was procured prior to the judgment and that the first sale was of the debtor's interest in certain real property on the date of the attachment and a second sale was of his interest in said property at the date of the judgment is of no consequence where no interests have intervened between the two dates and the judgment debtor's rights in the property were the same on both dates.

ACTION for the partition of real property.

Wells & Snedeker, for plaintiff.

Andrew H. A. Thompson, for defendant Edythe Thompson.

Samuel Bitterman, for defendant Bernhard Blumenthal.

GIEGERICH, J.   There is no dispute as to the facts and the only question of law arises between the defendant Bernhard Blumenthal and the defendant Edythe Thompson as to the ownership of an undivided fourth interest in the property sought to be partitioned. That question, briefly stated, is whether, after redemption of property sold under execution, the same property can be sold again under the same judgment to satisfy a balance due on such judgment.   The defendant Bernard Blumenthal on December 13, 1913, recovered against one Harold Thompson a judgment for $1,496.24.   On August 24, 1914, the judgment debtor conveyed his rights in the premises in question, consisting of an undivided one-fourth interest, to one Abigail D. Haines.   On September 2, 1914, the sheriff sold the judgment debtor's said interest in the premises in question for the sum of $50 to the defendant Bernhard Blumenthal and issued to him a certificate of sale. Thereafter the said Abigail D. Haines redeemed the premises and obtained a certificate of redemption, and subsequently conveyed the property to the defendant Edythe Thompson, wife of the judgment-debtor.  After deducting the expenses of the sale the sheriff reported that the judgment had been reduced to the extent of $5.44, being the net proceeds of the redemption.  Thereafter, the judgment being still unsatisfied except to the extent of $5.44, the defendant Bernhard Blumenthal caused another execution to be issued and another sale to be made on January 14, 1915.   At this sale the defendant Bernhard Blumenthal was again the purchaser, this time for the sum of $750, and a certificate of sale was issued to him by the sheriff.  There was no further redemption, and subsequently the sheriff conveyed the said interests to the defendant Bernhard Blumenthal.   On behalf of the defendant Edythe Thompson it is insisted that the first sale under the

execution exhausted the lien of the judgment, and that there was no warrant in law for the second sale. The statute governing the subject is section 1448 of the Code of Civil Procedure, which is as follows: Section 1448. "Upon payment being made by a person entitled to redeem real property, as prescribed in the last two sections, the sale of the property redeemed, and the certificates of the sale, as far as they relate thereto, become null and void." As far back as *Titus* v. *Lewis,* 3 Barb. 70, after calling attention to the language of the statute which at that time (being then 2 R. S. 371, §49) was substantially the same as the present Code section above quoted, the court pointed out that by the very terms of the enactment the redemption under the first sale rendered that sale null and void, and by necessary consequence, there being no sale in law, there was no extinguishment of the judgment lien upon the premises, and that the judgment was merely paid and satisfied *pro tanto,* remaining a valid lien for the unpaid balance. Still earlier, in *Wood* v. *Colvin,* 5 Hill, 228, the court had placed the same construction upon the statute. No case in point since the two just cited has been called to my attention, nor have I been able to find any, except *Bodine* v. *Moore,* 18 N. Y. 347, in which the court, at page 351, said: "A redemption by the debtor renders a sheriff's sale null and void, as though it had never taken place. The very judgment on which the sale was had becomes again a lien, if it was not fully satisfied by the bid, and the land may be again sold." An attempt is made to distinguish the foregoing authorities from the present case by pointing out certain differences in the facts, but none of those differences are of any significance, in my judgment, in view of the language of the statute and the decisions which hold that the redemption wipes out the former sale and leaves the situation, so far as a lien of the

judgment is concerned, as though no sale had ever been made, the only surviving effect of the first sale being such reduction in the amount of the judgment as may have resulted. A distinction is also attempted to be based upon the fact that in the present case an attachment was procured prior to the judgment, and that the first sale was of the debtor's interest on the date of the attachment, and the second sale was of his interest at the date of the judgment, but inasmuch as no interests had intervened between the two dates, and as the debtor's rights in the property in question were the same on the one date as on the other, I cannot see that the fact of the attachment is of any significance. My conclusion is that the ownership of the share in controversy is vested in the defendant Bernhard Blumenthal, subject to the contingent right of dower of his wife, the defendant Marion Blumenthal, therein, and that he is entitled to one-fourth share of the net rents of the property from a time to be fixed in the interlocutory judgment, and that the defendant Edythe Thompson has no interest whatever in the said one-fourth share. The shares, rights and interests of the other parties litigant being undisputed, the plaintiff is entitled to judgment determining their rights as prayed for, as well as those of the said defendants Bernhard Blumenthal, Marion Blumenthal and Edythe Thompson, as above indicated, together with the other relief demanded in the complaint. The decision and interlocutory judgment should contain a provision that after the sale of the premises there shall be an accounting of the rents of the premises. Submit, with proof of service, requests for findings within ten days after the publication of this opinion.

Ordered accordingly.