SHIMER ET UX. v. HAMMOND.

1. **Mortgage:** MERGER. The assignment of a decree of foreclosure to the purchaser at judicial sale under a junior lien of the property embraced in the decree, before the expiration of the year for redemption, will not operate as a merger of the mortgage debt, unless it is the intention or interest of the purchaser to have it so operate.

2. ———: ASSIGNMENT: SUBROGATION. Where a junior lien holder has assigned to him a prior lien and decree of foreclosure, he thereby becomes subrogated to all the rights of such prior lien holder.

3. **Jurisdiction:** STATE AND FEDERAL COURTS. The state courts have no power, jurisdiction or authority to interfere with process issuing from the federal courts.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 12.

ACTION in equity. A preliminary injunction was granted, a demurrer to the petition sustained, the injunction dissolved, and plaintiffs appeal.

*Boies & Couch,* for appellants.

*C. W. Mullan,* for appellee.

SEEVERS, J.—The allegations of the petition, and one or more supplements thereto, are in substance as follows: The plaintiffs are husband and wife, and Isaac Shimer was at one time the owner of the real estate described in the petition, forty acres of which constituted the homestead of plaintiffs, who executed a mortgage on the whole tract to the Northwestern Mutual Life Insurance Company. Said mortgage was duly recorded. Afterward the defendant recovered a

VOL. LI—26

judgment against the plaintiff Isaac, which became a lien on said premises other than the homestead. An execution having issued thereon, the same, except the homestead, was sold thereunder, the defendant being the purchaser. He received a certificate of purchase entitling him to a conveyance, if there was no redemption according to law.

Subsequently the insurance company commenced an action in the Circuit Court of the United States to foreclose the mortgage. A decree was rendered by said court adjudging that the mortgage was the prior lien, and foreclosing the same, and that the premises should be sold, without redemption, by a master appointed for that purpose; that the defendant "purchased said foreclosure judgment and procured to be made to him an assignment thereof," and has "caused execution to be issued" thereon, and "has procured the whole of the premises, * * * including the homestead, to be sold, and, unless prevented by the order of this court, will procure a master's deed of said premises, including said homestead;" that defendant has caused to be "issued from said Circuit Court * * a writ of assistance, directed to the marshal of said court, * * * commanding him to remove your petitioner from their said homestead," and now, acting solely under the orders of defendant, and in violation of petitioner's rights, said marshal is about to dispossess plaintiffs of their said homestead and place defendant therein.

The relief asked is that an injunction issue restraining defendant from all further proceedings to remove plaintiffs from their homestead, and enjoining defendant, and all persons acting under him, from interfering with or disturbing the possession of plaintiffs thereto. Also that said judgment of foreclosure be adjudged not to be a lien on said homestead, and that said judgment be cancelled and discharged; or, if it shall be adjudged that said homestead shall be charged with any portion of the mortgage debt, that such portion be ascertained, and that, upon payment thereof, plaintiffs' title to said homestead be quieted.

Shimer v. Hammond.

To the petition there was a demurrer on the grounds—*First*, that plaintiffs were not entitled to the relief demanded; and, *second*, the court had no jurisdiction or power to grant the relief asked.

Afterward there was filed an answer to the second supplemental petition, and also a motion to dissolve the injunction, upon the grounds stated in the answer.

The plaintiffs filed a motion to strike the motion to dissolve the injunction. There was also filed a reply to said answer.

The abstract states that the motion to "strike the motion to dissolve was overruled, and, thereupon, said cause came on to be heard on defendant's demurrer to the petition and supplemental petition. Plaintiffs object to a hearing on the demurrer on the ground that the same is waived by the answer of defenlant, which objection was overruled."

The demurrer to petition and supplemental petition was sustained, and the motion to dissolve the injunction was also sustained.

There are other allegations contained in the several petitions to which no reference has been made, because they have, in our opinion, no bearing on the questions determined. Besides this we understand counsel, in their argument, do not rely thereon. The objection that the demurrer was waived by filing the answer is abandoned by counsel, and we are asked to determine the questions presented on their merits as presented in the petitions and demurrer.

It will be observed the demurrer was treated in the court below as if it had been made applicable to the several petitions on file. The same will be done here.

The questions for determination discussed by counsel are:

I. That, inasmuch as the defendant was the owner of the legal title to all of the premises, except the homestead, at 1. MORTGAGE: the time he acquired the mortgage debt, the latmerger. ter, by operation of law, became merged in the former. If the pleadings state with certainty when the premises other than the homestead were sold under defend-

ant's judgment, it has escaped our notice. We, however, infer from the argument of counsel and the pleadings that the plaintiff's right of redemption had expired when this action was commenced, March 23, 1878. We also infer the defendant had procured an assignment of the foreclosure decree before such period had expired.

A purchaser of real estate at execution sale does not become vested with the legal title. During the period of redemption his title is equitable only, which may or may not ripen into a legal title. Code, §§ 3101, 3102.

It is, therefore, difficult to see how there could be a merger, because the defendant did not own the legal title when the mortgage debt was assigned to him. But he became afterward vested with the legal title by conveyance from the sheriff, or was entitled thereto. At such time he was the owner of the judgment foreclosing the mortgage. Did these facts operate as a merger? Certainly not, as has been uniformly held by this court, unless such was the intention, or it was to the interest of defendant to have it so regarded. *Vannice v. Bergen,* 16 Iowa, 555; *Lyon v. McIlvaine,* 24 Id., 9. Whether such was the intention or to the interest of the defendant may be ascertained or inferred from the transaction and circumstances. *Wilhelmi v. Leonard,* 13 Iowa, 330; *Rankin v. Wilsey,* 17 Id., 463. The learned counsel for appellants, however, insists that the burden is on the defendant to show the intent, or that it was not to his interest, and that in this case the presumption must be indulged there was a merger. Waiving the question as to which party has the burden, it affirmatively appears the defendant did not intend to merge the equitable right owned by him into the legal title. This appears from the petition and supplements thereto. The defendant asserted his rights under the foreclosure proceedings with reasonable promptitude. No single act of his can be cited which tends to show he intended there should be a merger. The contrary clearly, we think, appears.

It certainly was not to the interest of the defendant there

should be a merger, because at most he only owned the legal title to a part of the premises covered by the mortgage.

II. It is insisted, as defendant was a junior lien-holder on a portion of the premises, that his purchase and assignment

2. ASSIGNMENT: subrogation. of the decree foreclosing the mortgage amounted, in legal effect, to a redemption from the prior lien. Conceding this to be so, still he thereby became vested with the title and right of the insurance company. Code, § 3109. Besides this, he had the right to pay off the mortgage and take an assignment thereof, and when he so did he was subrogated to all the rights of the insurance company. Code, § 3323; *Marshall v. Ruddick*, 28 Iowa, 487. Being the legal owner of the judgment of foreclosure, defendant had the same right to have the premises sold thereunder that the insurance company would have had.

Waiving the question whether the State courts have jurisdiction to determine the question, it is evident that the homestead right of the plaintiffs was divested by the Federal sale if it was conducted according to law. It is not claimed it was not, or that the plaintiffs are entitled to redeem from such sale. If they are, it is statutory and in no manner affected thereby. This depends upon the validity of the decree cutting off the right of redemption. The plaintiffs have not, therefore, any right in this action to have any portion of the mortgage debt charged upon the homestead, upon the payment of which, if less than the whole, the homestead would stand discharged of the lien of the mortgage.

III. The defendant had caused to be issued from the Federal court a writ of assistance, and thereby had invoked the

3. JURISDICTION: state and federal courts. aid of such court and its officers to remove plaintiffs from the homestead and put defendant into possession. The injunction which was dissolved enjoined him from from availing himself of the writ and officers aforesaid. The injunction amounted to an interference with the Federal court, made it unavailing, and enjoined the use of the writ for the purposes aforesaid.

The State courts have no jurisdiction, power or authority to thus interfere with process issuing from the Federal courts. *Ex parte Holman*, 28 Iowa, 88. In the cited case this question was elaborately considered and determined. We are not disposed to overrule it. Whatever remedy the plaintiffs have must be sought and obtained in the Federal court. The injunction was properly dissolved.

AFFIRMED.