## DAY ET AL. v. THE HAWKEYE INS. CO.

1. **Appeal:** WHETHER PERFECTED OR NOT: ALLEGATIONS OF ABSTRACT. Where the abstract of an appellant states that he appealed from a judgment, this court will assume, where there is no showing to the contrary, that everything was done which was necessary in order to perfect an appeal.

2. **Fire Insurance:** INTERVAL BETWEEN DATES OF APPLICATION AND POLICY: FORECLOSURE BEGUN: EFFECT. The application for the insurance in question was made February 23d, and it stated that no proceedings had been commenced to enforce a mortgage on the property, which statement was true. It also provided that no liability should attach until the application should be approved by the company. It was approved, and a policy issued thereon, March 3d. The policy provided that the commencement of foreclosure proceedings against the property should render the policy void. Such proceedings were in fact begun between the dates of the application and the policy. *Held* that the policy was not avoided by such foreclosure proceedings.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 13.

ACTION upon a policy of fire insurance. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiffs appeal.

*John F. Lacey* and *McFall & Jones*, for appellant.

*Phillips & Day* and *Geo. R. Sanderson*, for appellee.

ADAMS, CH. J.—I. The defendant insists that it does not appear that any appeal was taken, in that it is not stated that any notice of appeal was filed. The abstract contains the statement that "the plaintiffs appealed from the judgment." In the absence of any showing to the contrary, we assume that this statement is true; that is, that every thing was done which is necessary in order to take an appeal.

<p style="margin-left:2em; font-size:smaller;">1. APPEAL: whether perfected or not: allegation of abstract.</p>

II. The defendant claimed that the policy was rendered void by the commencement of the foreclosure proceedings against the property insured. After the plaintiff's evidence was closed, the defendant moved the court to direct the jury to render a verdict for the defendant, on the ground of the commencement of such proceedings. The court sustained the motion, and the jury rendered a verdict accordingly. The question presented is as to the correctness of the action of the court in this respect. The undisputed facts are as follows: The application was taken by a soliciting agent, and forwarded to the company, which approved it March 3, 1885, and the same day the policy was issued. Between the time that the application was taken and the time it was approved, proceedings were commenced to foreclose a mortgage against the property. The application contained a statement that no proceedings had been commenced to enforce the mortgage, and the statement was true. The policy contained a provision that "the commencement of foreclosure

<p style="margin-left:2em; font-size:smaller;">2. FIRE insurance: interval between dates of application and policy: foreclosure begun: effect.</p>

or other proceedings upon any mortgage lien, or other incumbrance of any kind, against any of the property named in this policy, shall immediately render this policy void." No proceedings were commenced after the issuance of the policy; but it is claimed that the proceedings already commenced rendered the policy void. In our opinion, these facts did not justify the court in directing a verdict for the defendant. It may be conceded that the moral hazard, as understood by insurance men, was increased by the commencement of the foreclosure proceedings. It may also be conceded that the company did not, probably, intend to assume such increased risk; but, in our opinion, the plaintiffs rightfully understood that the company did assume it. When an insurance company issues a policy of fire insurance, it undertakes, in the absence of any wrongful conduct on the part of the insured, to insure the property as it stands. It employs its own means to inform itself in regard to the property. It usually takes the statements of the insured about it, which are embodied in what is called an application. This is what the defendant in this case did. The application showed that no foreclosure proceedings had been commenced. It contained no promise that they would not be thereafter, nor was it necessary. The policy was to be based upon the statements of the application, and should properly for that reason have been issued at once. If it had been so issued, the company would have been protected. The application would have shown the true condition of the property at the time the policy was issued, and the policy was designed to provide for the future. But the company allowed several days to elapse before issuing the policy.

Upon the 3d of March it relied upon what the insured said about the property on the 23d of February. The company knew that the condition of the property was liable to change in the interval, and employed no means to inform itself. We think it took its own risk in regard to such change. When it issued its policy on the 3d day of March, it seems to us that it undertook to insure the property as it

then· was.   We do not think the policy can be understood as meaning that foreclosure proceedings commenced before that time would render the policy void.   No one can read the provision against the commencement of foreclosure proceedings without being impressed that it was designed to provide merely for the future.     Indeed, strictly speaking, it would be impossible for foreclosure proceedings already commenced to render the policy void.   That cannot be rendered void which was never otherwise.   The policy, of course, might have been so drawn that it should not be deemed to have taken effect if the foreclosure proceedings had been commenced.   If it had been so drawn, it would have been the plaintiff's own folly to accept such a policy.   But it was not so drawn, and we think that we should be putting a strained construction upon it to say that that is the meaning of it.   The form of the policy was evidently prepared upon the theory that it was to be issued immediately upon the taking of the application upon which it is based, so that the application would show the true condition of the property at the time it became insured.     Upon such  theory  the policy  need provide only for the future.   It is said, to be sure, that the policy, though issued March 3d, provided for the insurance of the property from February 23d.   But the time which the company undertook to cover does not show when the contract was made.   Insurance may cover past time.   A written contract comes into force at the time of delivery.   There may, it is true, be  oral insurance antedating the issuance of the policy.   This is so if the terms of the insurance have all been settled, and it is understood between the parties that insurance has taken place.   But in this case it was expressly provided in the application that no liability should attach until the application should be approved, and that was March 3d, the day the policy was issued.   We think, then, that the policy took effect, notwithstanding the previous commencement of foreclosure proceedings, and that the court erred in directing the jury to render a verdict for the defendant.

REVERSED.