### BELL v. THOMAS.

1. A statement in appellant's abstract that due service of the notice of appeal and undertaking was made and admitted will be accepted as true in the absence of anything to the contrary, and it will be presumed that the appeal was taken and perfected as required by statute.

2. It will further be presumed, in the absence of an amended or additional abstract, that appellant's abstract contains all the pleadings, files and evidence that the parties and the trial court deemed essential to a proper determination of the questions presented on appeal.

3. When it has been judicially determined at the trial of a cause that the complaint fails to state facts sufficient to constitute a cause of action, and the jury has been discharged, the trial postponed, and the plaintiff allowed time to prepare and serve an amended complaint, but no time is fixed within which the same must be answered, a judgment entered without notice, and in the absence of an answer, before the expiration of 30 days from the service of such amended complaint, will be set aside, on motion, when the defendant, within the statutory time, has served a meritorious answer.

(Syllabus by the Court.    Opinion filed June 22, 1895.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action on a guaranty. From an order denying a motion to vacate a judgment by default, defendant appeals. Reversed.

The facts are stated in the opinion.

*V. V. Barnes,* for appellant.

The power to open a judgment, for sufficient reason in furtherance of justice, is inherent in the court. Lord v. Hawkins, 39 Minn. 73; Nye v. Swan, 44 N. W. 9; Keifer v. Railroad, 8 N. Y. 230; Am. Dig. 1890, section 2210; Yates v. Guthrie, 23 N. E. 741; Ladd v. Stevenson, 19 N. E. 842; Hopkins v. Niggli, 6 S. W. 625.

*Whiting* and *Cooley* for respondent.

Where an objection is made on the trial that the petition does not state facts sufficient to constitute a cause of action, the court should if possible, sustain the petition or permit an amendment thereto to be made instanter. Roberts v. Taylor, 27 N. W. 87; Burlington v. Crockett, 24 Id. 219; Mendelshon v. Coleman, 40 Cal. 657; Breed v. Ketchum, 7 N. W. 550.

FULLER, J. Twelve days after the serving of an amended complaint, and before the same has been answered, judgment was rendered in plaintiff's favor against the defendant, as guarantor of a promissory note; and this appeal is from said judgment, and from an order of the trial court refusing to vacate the same and allow the appellant to answer and defend in the action. Respondent's motion to dismiss the appeal and to strike out appellant's abstract, upon the ground that the same is not authentic, and fails to contain all the pleadings and files used upon the hearing in the court below, and because it does not affirmatively appear therefrom that this court has jurisdiction to consider the appeal upon its merits, cannot be sustained. It is stated, in connection with the notice of appeal set out in the abstract, that the same was duly served in connection with the undertaking required by statute, and that service thereof was admitted and accepted. It is nowhere claimed that the notice of appeal and undertaking were not in fact duly served upon the adverse party and the clerk of the circuit court; and, in the absence of any showing to the contrary, we accept the statement as true, and assume that the appeal was taken and perfected as required by section 5215 of the Compiled Laws. Day v. Insurance Co., 72 Iowa, 597, 34 N. W. 435.

As respondent submits no additional or amended abstract, it will be presumed that appellant's abstract contains all the pleadings, files and evidence that the parties and the trial court deemed essential to a proper determination of the questions presented on appeal. Randall v. Burk Tp. (S. D.) 57 N. W. 4.

It appears from the record that this action, having been continued, at defendant's request, at the December, 1891, was first tried, in his absence, to a jury, on the 29th day of June, 1892, and resulted in a verdict and judgment for plaintiff, which was afterwards vacated upon a showing by defendant's counsel that by reason of serious illness in his family he was necessarily absent from the state at the time of said trial, and upon the assurance that defendant would appear at the next term, and defend in the action. Thereafter, at the December, 1892, term, upon the original complaint and defendant's answer thereto, the cause again came on for trial, the jury being impaneled, and a witness sworn, when an objection was interposed by defendant's counsel to the introduction of any evidence under the complaint, upon the ground that the same does not state facts sufficient to constitute a cause of action. This objection the court sustained, and granted plaintiff leave to serve an amended complaint, which was accordingly done several days thereafter, but during said term, counsel for defendant duly admitting service thereof; and upon his application to the court for 30 days in which to answer, and a continuance over the term, the case was placed at the foot of the calendar, and a trial thereof, which resulted in a judgment for the plaintiff, which was had at said term, when the cause was again reached, in the absence of the defendant and his counsel, within 30 days from the service of the amended complaint, and without an answer thereto. It is clear from the very conflicting affidavits of counsel for the respective parties, in which averments of bad faith are lamentably abundant, that neither party believed that the case would be reached during the term; but if the amended complaint is sufficient, and the appellant is not entitled, as a matter of right, to 30 days in which to answer the same, we would be reluctant to say,

upon the record before us, that the trial court abused its discretion in denying the motion to vacate the judgment and allow the defendant to answer. Had the appellant, instead of objecting to the introduction of any evidence, tested the sufficiency of the original complaint by demurrer, instead of answering the same, a favorable ruling thereon, with leave granted to serve an amended complaint, would entitle appellant, under section 4911 of the Compiled Laws, to 30 days from the service thereof within which to answer. When, at the trial, upon an objection to the introduction of any evidence under the complaint, it has been judicially determined that the same fails to state facts sufficient to constitute a cause of action, and the jury has been discharged, and time allowed plaintiff in which to serve an amended complaint, the necessity for time, after the service thereof, in which to examine and answer or demur to the same, is clearly apparent; and in the absence of an order fixing the time within which the defendant must answer, no valid judgment can be entered, in the absence of an answer, until the expiration of 30 days from the service of the amended complaint. When the court has not fixed the time for the service of an answer to an amended complaint, it is the practice in this state to answer the same within the time allowed after the service of the summons and original complaint, and we think the statute relating to the subject of pleading entitles the defendant to such time, in case leave has been granted to serve an amended complaint, where an objection to the introduction of any evidence under the original has been sustained on the ground that such pleading fails to state a cause of action, and where the court has failed to specify a time within which such service must be made. People v. Rains, 23 Cal. 127; Low v. Graydon, 14 Abb, Prac. 443. The judgment will therefore be set aside, the order appealed from reversed, and the case remanded for further proceedings in the trial court in accordance with this opinion.