CLARK VARNUM, Appellant, v. H. S. WINSLOW.

LIMITATION OF ACTIONS: *Dissolution of partnership.* An action to recover *for a breach of the terms of an agreement for the dissolution of a partnership* is not barred because five years have elapsed from the date of the dissolution, although an accounting is asked.

**Dissolution Contract Construed.** Under a dissolution agreement of a law firm, the partners were each to do his share of work on all unfinished business, one partner retaining the office with the firm papers. The other was not to be required to keep an office, but, for the purpose of finishing the business, was to be allowed to "use such office and supplies and employes therein." The "expenses and earnings and profits and emoluments of all the business" were to be "equally divided between the parties hereto." *Held,* that the expenses referred to were court expenses and special expenses in the cases, and not ordinary office expenses, which were to be borne by the partner retaining the office.

**Execution Sale:** DEED: *Rents.* The owners of real property sold under a decree of foreclosure are entitled to the rent upon it up to the time of the execution of the sheriff's deed.

**Appeal:** HARMLESS ERROR: *Depositions.* The overruling of a motion that a trial be had upon depositions is not prejudicial error where the complaining party had the right to take any deposition that he desired and did not avail himself of that right. It is a serious question whether the trial court does not have a discretion as to the granting of such motion.

**CLERK'S FEES:** *Securing of.* A clerk who accepts service of a notice of appeal containing an admission that the provisions of McClain's Code, section 4408, relating to security for his fees have been complied with, thereby waives a compliance with such statute.

**TRIAL DE NOVO:** *Assignments.* Assignments of error relating to the admission or exclusion of testimony are disregarded in a general appeal in equity, as such questions are necessarily passed upon in the hearing *de novo.*

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, OCTOBER 12, 1898.

This is an action in equity between partners for an accounting. Plaintiff and defendant are lawyers, and for a time were associated as co-partners in the practice of their profession. In the year 1889, the firm ceased doing business as such, and the following agreement was entered into in writing: "Agreement made this 30th day of September, A. D. 1889, between H. S. Winslow and Clark Varnum, sole members of the firm of Winslow & Varnum, witnesseth: That the partnership formed by said persons above named is, so far as now or future business is concerned, by the mutual agreement of both parties, terminated and ended, from and after this date, subject, however, to the following conditions relative to partnership business and property: *First.* All business now begun is to be finished by the said persons, each doing, so far as practical, his fair share of the labor of finishing such business, except that said Varnum shall not be required to remain in the office heretofore kept, or open and keep an office for such purposes; but, for the purpose of finishing such business, he may use such office and supplies and employes therein. But this does not relate to railroad cases now pending in the supreme court. As to those said Varnum shall have no interest. The expenses and earnings and profits and emoluments of all the business described in this paragraph shall be equally divided between the parties hereto. As fast as any particular item of business shall be finally closed, it shall cease to come under this clause, but shall not so cease until all connection of either partner therewith has completely and finally ended and terminated. *Second.* All property belonging to the firm of Winslow & Varnum, outside of the library and office furniture and fixtures, shall either be divided equally between such parties, or collected or sold or converted into money, and the money equally divided between them. No valuable property shall be disposed of, sold, or converted into money, except on concurrence of both parties. Either partner hereafter receiving any property or money for or on account of said firm shall

account for same immediately, and pay over to the other partner his half after the debts of the firm shall have first been paid. *Third.* H. S. Winslow is to have the right to keep the office rooms now occupied by said firm, and is to be individually liable to pay the rent therefor from October 1, 1889, and also to pay all outstanding contracts for subscriptions to legal directories and other advertisements of the firm of Winslow & Varnum which may accrue after October 1, 1889. *Fourth.* Said Winslow shall have as his own individual property the whole of the office fixtures and furniture and library, save and except the following, and these said Varnum is to have, to wit: California Reports, Illinois Reports and Digests, and sundry other law books not necessary to be here described. *Fifth.* The books, records, papers, etc., accumulated by said firm shall be and remain in the possession of said Winslow, and be by him safely preserved; and either partner shall have the right of access to, and the use of, all such firm books, records, papers, etc., at all reasonable times, and for all reasonable purposes. H. S. Winslow, Clark Varnum." Under this agreement the parties proceeded to settle the firm business. On September 18, 1895, this action was brought, for an accounting and settlement. The petition also asks that a dissolution of the firm be decreed. There was a trial to the court, with the result that the partnership was dissolved, and defendant was given a judgment against plaintiff for the sum of two hundred and twenty dollars and ninety-seven cents. Plaintiff appeals.—*Modified* and *affirmed.*

*Clark Varnum* pro se.

*W. R. Lewis* and *C. O. McLain* for appellee.

WATERMAN, J.—Appellee moves to strike the evidence from the record, and dismiss the appeal "or affirm the decree below." This motion is based upon several grounds, and is quite elaborately argued by both parties. It is said, first,

that the evidence is not properly certified. Some of the reasons given in support of this claim, we regard as captious. None of them impress us as being sufficient to sustain such action as is asked. Again, it is urged that the clerk's fees for a transcript have not been paid or secured. In support of this branch of the case, there is filed an affidavit of the clerk, in which he says that his fees were not paid or secured. The clerk accepted service of the notice of appeal and this notice contained an admission that this requirement of law had been complied with. The provisions of McClain's Code, section 4408, relating to security for the clerk's fees, is, we think, for the benefit of that officer. He may waive a compliance with it if he sees fit to do so. His action in this case justifies us in holding that he made such waiver in plaintiff's behalf. *Hunt v. Johnston,* 105 Iowa, 311. Without going further into details on this motion, we will say that it appears to us without merit, and will therefore be overruled.

II. Proceeding now to the main case, we find that appellant has made certain assignments of error which he asks us to consider in connection with his "general appeal in equity." With the exception of one matter, to which we devote some attention in the eighth division of this opinion, these errors relate entirely to the admission or exclusion of testimony. Questions of this kind are necessarily passed upon in the hearing *de novo,* so that we may with propriety disregard such assignments of error. See *Smith v. Wellslager,* 105 Iowa, 140.

III. The statute of limitations is interposed as a defense. It is said that an action for an accounting is barred in five years from the date of dissolution of the firm, and that the firm was dissolved in 1889, by the written agreement which is set out above. The trial court did not consider the co-partnership dissolved by this agreement, for it found that "each member is entitled to a full and final dissolution of the partnership," and then in formal terms decreed such dissolu-

tion. It seems to have been the thought of both parties, until this court was reached, that the written agreement, while it ended the business career of the firm, did not work a full dissolution; that it merely provided for bringing about such dissolution at some future time. But, however this may be, there is another and a conclusive answer to this plea. It is sought in this action to recover for a breach by defendant of the terms of the agreement. If the firm was fully dissolved in 1889, yet each member, under this contract, was to be liable to the other for such assets of the firm as he might reduce to possession. If defendant's theory is to prevail, plaintiff's right of action might be barred, before any liability accrued on the part of defendant. This position, we think, is not tenable.

IV. This brings us to a consideration of the various items of account between the parties. Before proceeding to discuss these matters, we wish to have understood the basis of our action. We have no way of ascertaining all the items taken into consideration by the trial court, in stating the account between the parties. All that is disclosed by the record is the result, viz. that a debit balance was found against plaintiff of two hundred and twenty dollars and ninety-seven cents. It does appear, however, that defendant admits having collected on firm account the sum of three thousand four hundred and fifty-one dollars and twenty-six cents, and claims to be entitled to credit in the amount of five thousand one hundred and twenty-four dollars and forty-eight cents. The various items going to make up these amounts are set out in the answer. The account as stated is attacked by plaintiff. He seeks both to surcharge and falsify it. We shall take up the specific matters presented by plaintiff ,and give each such attention as we think it deserves.

V. Sixty-five dollars is claimed by plaintiff as due the firm on a collection from one J. A. Young, and in the aggregate the sum of four hundred and fifty dollars and thirty-seven cents on account of certain litigation against the firm of

Flory & Newton. We are inclined to accept defendant's version of those matters, and also in relation to the shares of stock in the First National Bank of Newton. It would serve no good purpose to go into a detailed consideration of the testimony relating to these items. It is often conflicting, and not always definite or clear on either side. The next item to be considered relates to the rent of what is called the "Means Farm," which was collected by defendant. One Chandler, as trustee, held a first mortgage on this land, which the firm of Winslow & Varnum had for collection. Winslow and Varnum had a second mortgage. One John M. Day owned the fee. The second mortgage notes were assigned by Winslow & Varnum to Chandler, trustee; and a foreclosure proceeding was instituted in his name for the amount due on both mortgages. Day deeded the fee to Winslow & Varnum. A decree of foreclosure was obtained, and the land sold thereunder December 28, 1889, to Chandler. The certificate of sale was thereafter assigned to Winslow to facilitate a sale of the land. No deed was taken on said certificate until December 26, 1891. Winslow collected the rents for the years 1890 and 1891. We think he has accounted for the rent of 1890, but the rent of 1891 (three hundred and fifty dollars), he insists, the plaintiff has no interest in or right to. In this claim, we think, he is wrong. The fee owners, Winslow & Varnum were entitled to the rent up to the time of the execution of the sheriff's deed. Defendant should account to the firm for the sum of three hundred and fifty dollars. The title of the owner is not devested by the sale, but by the execution of the sheriff's deed. *Everingham v. Braden,* 58 Iowa, 133; *Curtis v. Millard,* 14 Iowa, 128.

VI. Taking up, now, the other side of the account, as rendered by defendant, and we find that he claims a credit for the firm of eight hundred dollars for fees received by Varnum in what are styled the *"Cerneau Cases."* We hold that plaintiff should account for seventy dollars, being the net amount

of fees received in the first of these cases. The other case appears to have been begun after the separation and execution of the agreement for dissolution, and was therefore not firm business. Two other items of credit claimed by defendant are strenuously objected to by plaintiff. One is for the sum of one thousand dollars, claimed by defendant for extra services; and the other for four hundred dollars, for office rent, salary of stenographer, fuel, lights, stationery and postage. The amount asked for stationery and postage is twenty-five dollars. This, the plaintiff should be allowed. It seems plain, however, that he is not entitled to credit for the other amounts. It does not appear that the defendant did any more than plaintiff of the outside work in settling the firm matters. The office work he assumed to do, by keeping in his possession all papers of the firm. The office rent he distinctly undertook, in the agreement, to pay; and by fair implication, we think, he assumed to pay the ordinary office expenses. The expenses which, in the first clause of the agreement of separation, it is provided shall be divided, relate, as we believe, to the court expenses and moneys expended specially on account of the matters therein referred to. But as Winslow retained the office for his private use, and the stenographer to do his private business, it seems to us clear that the expenses made on these accounts must be borne by him alone.

VII. There are, in addition to the matters we have mentioned, some costs collected, which are in dispute. The amount is quite small, and the evidence relating thereto very indefinite. As the parties do not insist upon this branch of the case, we shall pass it without further notice. There is also a sum of twenty-five dollars which Varnum admits should be charged against him in favor of the firm, on account of a collection from one Snyder.

VIII. A proper statement of account between the parties is as follows:

Winslow's admitted debit to the firm............$3,451 26
Add rent of Means' farm....................    350 00

    Total .................. ................   $3,801 26.

Winslow claims credits, as shown on page 22 of
    appellant's abstract...... ...............  $3,083 63
To this should be added:
    Item 1, as shown in said abstract.........    111 25
      "    2,     "     "     "    ..........     22 50
      "    3,     "    "     A abstract.....     67 10
      "    4, as shown in said abstract.........     5 00
      "    5,      "     "     "    ..........     10 00
    Error in check to Varnum................     30 00
    Stationery and postage...................     25 00

    Total ...... ........................ ...   $3,354 48

Winslow's debit ................. $3,801 26
    "      credit ............... 3,354 48

    Due the firm ........................   $446 78
There is due the firm from Varnum:
    On account of Cerneau case....   $ 70 00
    Snyder collection ............    25 00

                                   95 00

Total due from both partners.............   $541 78

Of this amount, each partner is entitled to one-half, or two hundred and seventy dollars and eighty-nine cents. Deducting from this last-mentioned sum Varnum's debit of ninety-five dollars, and the remainder is one hundred and seventy-five dollars and eighty-nine cents, for which he is entitled to a judgment against defendant.

IX.   One other matter remains to be noticed, in order that it may not be thought to have been overlooked.   After the

issues were made up in the court below, plaintiff moved that the trial be had upon depositions. The motion was overruled. We are not prepared to say that section 2742 of the Code of 1873 leaves the court no discretion in passing upon such a request. We incline strongly to the opposite view. But, in any event, plaintiff was not prejudiced by the ruling. He had a right to take any depositions that he desired, and it does not appear that he availed himself of it. The costs were taxed to plaintiff by the trial court. All costs, including those made here, should be paid by defendant. As modified by what we have said, the decree below is AFFIRMED.