## In re SMITH.

### No. 17.

District Court, S. D. Iowa, Ottumwa Division.
Nov. 30, 1934.

John F. Abegglen, of Albia, Iowa, for debtor.

Miller, Everett & Miller, of Albia, Iowa, and Quintard Joyner, of Omaha, Neb., for Prudential Ins. Co. of America.

DEWEY, District Judge.

The above matter came on for hearing in open court at Des Moines, Iowa, on No-

vember 24, 1934, upon a petition by the Prudential Insurance Company of America to review a certain order of D. N. Clark, conciliation commissioner for Monroe county, Iowa.

Prior to the filing of the debtor's petition in this case, the insurance company by due proceedings in the District Court of Monroe County, Iowa, had foreclosed a mortgage which it held on real estate owned by this debtor, a decree of foreclosure was entered by that court, the property sold to the insurance company for $13,254.14 on April 9, 1934, and a receiver appointed to take charge of the possession of the real estate.

Counsel for the insurance company in the argument stated that, at the time the mortgage was foreclosed and the property ordered sold, there was an arrangement of settlement made among the parties, and the decree of foreclosure would indicate such a settlement. If a settlement were made of the indebtedness at the time of the decree of foreclosure, the relationship of debtor and creditor did not exist at the date of the filing of the debtor's petition here. As evidence of any such settlement is not now before the court, that question is not here decided.

It was the opinion of the commissioner that the debtor had an interest in the real estate, the same should be retained by the court for purposes of administration, and overruled an application by the insurance company to release the land from administration, and it is from that order that the petition for review to this court was asked.

■ The Supreme Court of Iowa has held that the purchaser at a foreclosure acquires only a lien for the amount of the purchase money and interest, and that the legal title of the owner of the property, mortgagor, is not divested and transferred to the purchaser until the expiration of the period of redemption. During the period of redemption, the purchaser has an equitable title only which may or may not ripen into a legal title. Curtis v. Millard, 14 Iowa, 128, 81 Am. Dec. 460; Shimer v. Hammond, 51 Iowa, 401, 1 N. W. 656; Dolan v. Blast Furnace Co., 126 Iowa, 256, 100 N. W. 45; Wissmath Pack. Co. v. Miss. River Power Co., 179 Iowa, 1309, 1324, 162 N. W. 846, L. R. A. 1917F, 790; Sayre v. Vander Voort, 200 Iowa, 990, 205 N. W. 760, 42 A. L. R. 880.

■ In this case, at the time of the filing of the debtor's petition, under these decisions, the purchaser had the equitable title, and also by reason of the appointment of the receiver the right of possession was taken from the debtor. The debtor then at that time held at most a naked legal title and a right of redemption, which under the laws of Iowa and the decree of the court continued for one year from the date of the foreclosure sale, and at that time ripened into a perfect title, as the laws of the state of Iowa provide that: "If the property sold is not [redeemed], the sheriff must execute a deed therefor to the purchaser." Section 11743, Code of Iowa 1931.

■ When the debtor's petition was filed, the property of the debtor that came into the hands of the court, if any, was that owned by the debtor at that time. The decree of foreclosure and appointment of a receiver having occurred prior to that time and a sale having been made, this court cannot undo that which had already been done by a court of competent jurisdiction, and cannot, because of the exclusive jurisdiction of this court over the debtor and his property, set aside or pass in review upon any orders, judgments, or decrees of courts of record made prior to the time such jurisdiction was conferred upon this court.

Under the laws of Iowa above set forth, time only was required to ripen the equitable title of the purchaser into an absolute title.

Under this situation it would appear that nothing passed into the hands of this court that is subject to be administered under section 75 of the Bankruptcy Act as amended (11 USCA § 203). An injunction against the sheriff from issuing the deed would be of no force or effect as the legal title vests in the purchaser at the end of the year and the execution of the deed by the sheriff would only be evidence of the passing of that title. This court cannot change the lien as adjudicated, as that has already been determined by the state court. To do so would interfere with the full faith and credit clause of the Constitution of the United States (article 4, § 1). Cooper v. Newell, 173 U. S. 567, 19 S. Ct. 506, 43 L. Ed. 808.

■ Too much reliance is placed by debtors and their attorneys upon the provision of section 75 (n) of the Bankruptcy Act (11 USCA § 203 (n), giving this court exclusive jurisdiction of the debtor and his property. That exclusive jurisdiction has to do with the right to determine controversies which might arise with reference to the debtor and his property under the due administration of the act and in the carrying out of its purposes. The court could not ad-

minister upon a naked legal title. It seems to me clear that the debtor did not have any interest in this property that can be administered, and that the position of the insurance company in demanding that the real estate be released from this procedure on the ground that this court is without jurisdiction to administer thereon under the Bankruptcy Act is well taken.

The conclusion of the court is supported by the decision of Judge Lindley in Re Smith (D. C.) 7 F. Supp. 863, and the following recent cases, while not controlling, as they are based upon section 74 of the Bankruptcy Act (11 USCA § 202), nevertheless are enlightening on the questions raised: In re Hillmert (C. C. A.) 71 F.(2d) 411; Molina v. Murphy (C. C. A.) 71 F.(2d) 605; Santos v. Moreda (C. C. A.) 71 F.(2d) 608; In re Landquist (C. C. A.) 70 F.(2d) 929.

It is ordered that the ruling of the commissioner complained of should be, and the same is hereby, set aside, and it is further ordered that the Prudential Insurance Company of America be not held as a creditor in this proceeding and that the real estate in controversy be released from any further proceedings herein.

As the ruling of the court may involve title to real estate, the attorney for the insurance company may prepare a record entry in this court releasing and discharging said real estate from any right or interest that might have arisen under these proceedings. To all of which the debtor, William Thomas Smith, excepts.