B. F. MERRILL, Appellant, v. J. M. TIMBRELL, Appellee.

Corporations:   STOCK SUBSCRIPTION:   ENFORCEMENT OF PAYMENT:
1   BURDEN OF PROOF: EVIDENCE. In an action by a judgment cred-
    itor of an insolvent corporation to enforce payment of a sub-
    scription to stock, the burden is on him to show that the same
    or some portion thereof is unpaid.    Evidence of payment held
    insufficient to support a directed verdict for defendant.

Contents of Note.   BEST EVIDENCE.   Oral and ·documentary evi-
2   dence of the contents and terms of a promissory note should
    be excluded, where there is no showing that the note is lost
    or destroyed.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

THURSDAY, MARCH 17, 1904.

THE opinion states the case.—*Affirmed.*

*J. F. & W. R. Lacey* and *L. C. Blanchard* for appellant.

*Seevers & Malcolm* for appellee.

WEAVER, J.—The plaintiff is the owner of a judgment recovered against a corporation known as the Iowa International Gold Cure Company. In the present action he alleges that the corporation is wholly insolvent; that he has demanded payment from its proper officers, and asked them to turn out property in satisfaction of the debt, but without avail. He further says that the defendant is a subscriber to $2,500 of the stock of said corporation, upon which he has paid but fifty per cent., and that the remaining fifty per cent.

is still due, and liable to be appropriated to the payment of the debts of the corporation. Upon these allegations he demands judgment for $1,250 and interest. The defendant makes a general denial. The cause was tried to a jury, and at the close of plaintiff's testimony the court directed a verdict for defendant. From the judgment rendered on said verdict, plaintiff appeals.

I. Appellee objects to the jurisdiction of this court on the ground that there is no showing in the abstract of the service of notice of appeal as required by law. The objection is identical with that considered by us in *Augustine v. McDowell,* 120 Iowa, 401. We there decided the point not well taken, and, following the precedent thus established, we hold the showing sufficient to justify us in assuming jurisdiction of the case.

II. That defendant was a subscriber to $2,500 of the stock of the company was conceded on the trial, and the vital question of fact presented was whether any part of that subscription was unpaid. Upon that proposition the burden was on the plaintiff. We do not think the action is one in which defendant is obliged to plead and prove payment. The defendant was not, and never has been, in the strict sense of the word, the debtor of plaintiff. In the absence of any showing to the contrary, it was to be presumed that the stock was paid up. It was open, however, to the plaintiff, as a judgment creditor of the corporation, to allege and prove that the defendant was still a debtor to the corporation for an unpaid balance upon the shares held by him, and to compel the application of such balance to the payment of his judgment. Code, section 1631. It was for the plaintiff, therefore, to bring himself within the benefit of the statute, not only by proof of the defendant's subscription to the stock, but by showing, as well, that there was still something due and unpaid thereon. This we think he failed to do. The books of the corporation, except a ledger, were not produced in evidence, and their absence is not accounted for. The only witnesses

1. STOCK SUBSCRIPTION: enforcement of payment: burden of proof: evidence.

offered by plaintiff on this question were Matthews, who had been assistant manager of the company for a period of ninety days, Briggs, a former secretary, and Lofland, a former treasurer of the concern, all of whom testify chiefly from recollection. Briggs states the total payments by defendant to have been fifty-nine per cent. of his stock, while Matthews places the aggregate at sixty-three per cent. Lofland, the officer to whom the payments were made, testifies that the stock was paid in full. If there was any necessary inconsistency in these statements, it may be conceded that plaintiff was entitled to go to the jury upon the question whether any balance had been shown to be due. But there is no inconsistency. Neither Matthews nor Briggs assumes to swear that no payments were made by defendant, other than the particular assessments of which they speak. Lofland, the one man who can speak from personal knowledge as to the amount, tells us the subscription was paid in full. This was the plaintiff's testimony. Had the jury returned a verdict for the plaintiff upon such showing, we think it should have been set aside as without sufficient support. There was therefore no error in directing a verdict for the defendant.

III. It appears that Lofland, who was treasurer of the corporation, was also cashier of a bank which held a promissory note of the corporation signed by defendant and others as sureties. After he had testified to the full payment of defendant's subscription, plaintiff asked him numerous questions as to the contents and terms of the note above referred to, and the character in which it had been signed by the makers—whether as principals or sureties. He also sought to offer the books of the bank to develop the same information, but the testimony was ruled out on defendant's objection to its competency and materiality, and as not being the best evidence. There being no showing that the note was lost or destroyed, or not within reach of the court's process, we think the ruling was not erroneous. Moreover, it may be said that much of the matters thus sought to be elicited was in fact afterward admitted.

2. CONTENTS of note: best evidence.

It is said that if plaintiff could have shown that defendant, instead of paying the balance of his subscription, had simply paid the corporation's debt to the bank, he would stand in respect to such payment simply as a creditor of the corporation, and could not set off his claim against the plaintiff's demand. Under the former holdings of this court, the correctness of the proposition must be conceded. *Singer v. Given;* 61 Iowa, 93. And, in our judgment, the trial court did not hold or rule to the contrary. The rulings complained of went only to the manner in which the alleged fact was sought to be proved.

. We find no reversible error in the record, and the judgment appealed from is AFFIRMED.