Hurlbut, J.,
rendered the opinion of the court.

Judgment affirmed.

This is a code action in the nature of ejectment,^begun January 28, 1908. Plaintiffs below (appellees here) allege several causes of action against defendants. Issues were formed by the filing of answer and replication. The case was tried to- the court without the intervention of a jury, and findings and judgment were in favor of plaintiffs.
Appellees- have not appeared or -filed any brief in this court. Appellants rely upon but one error, which is set out in the-second assignment, viz:
*413 “Th;e court erred in not allowing interest'at the rate of fifteen per cent per annum on the sum of $1x0, found to. be. d.ue the defendant, Hapney, on account of improvements placed upon the land mentioned in his tax deed.”
The abstract contains the pleadings, the findings and. judgment, and a brief statement by the court that the value of the improvements placed upon the land by the defendants is $110; that defendants took possession of the land February 5, 1903, fixed the fences, kept them up, plowed out the ditches, and put some new windows in the house; and that such improvements were made April, 1906. The decree was entered February 27, 1911.
The determination of the appeal involves a construction of § 5733, Revised Statutes, 1908. The section reads as follows :
“No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding; Provided always, That when the owner or owners of such land, sold as aforesaid," shall at the time of the execution and delivery of the deed by the treasurer, be minor or minors, or insane or an. idiot, and residing within the United States, one year after such disability is removed, it shall be lawful for such person or persons, heir, heirs or legal representatives, to bring their suits or action for the recovery of lands so sold, and when the recovery is effected, in all cases, the value of the improvements, etc., made on the land' so sold, and all taxes paid after the sale thereof, with interest thereon at'the rate of fifteen per cent per annum, shall be ascertained by the jury trying the action for the recovery, and paid by the person or persons recovering the same, before he, she or they shall obtain possession of the land so recovered.”
This, statute first appeared at page- 121, § 96, Session Laws of 1870, and has been retained (with changes .to be noted) as part of our revenue law to the present time. As *414 passed in 1870 it provided that “No action for the recovery of lands sold for taxes shall lie unless the same be brought within five years after the sale thereof for taxes as aforesaid.” It also contained the provision that “Where the recovery is effected in all cases the value of the improvements made on the land so sold, and all taxes paid after the sale thereof, with interest thereon, as provided by this act, shall be ascertained by the jury,” etc. The section next appeared in the General Laws of 1877, at page 778, as § 96; next in the General Statutes of 1883, at page 861, as § 2934. The section as passed in 1870, and as it appeared in the General Laws of 1877 and General Statutes of 1883, is the same, with the exception of a few minor changes made by the legislature in the phraseology and punctuation. In 1885, however, the legislature repealed the section as it appeared in the General Laws of 1877, but re-enacted the same, in general terms, with two' noticeable changes, viz: The section read, “No action for the recovery of lands sold for taxes shall lie unless the same be brought within five years after the sale thereof for taxes as aforesaid.” It was changed to' read, “No action for the recovery of lands sold for taxes shall lie unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer.” Also the words, “as provided by this act” were eliminated and the words “at the rate of fifteen per cent per annum” substituted therefor. Session Laws, 1885, page 320. The section as amended by the legislature next appears as § 3904, Mills’ Annotated Statutes, 1891.
In the extra session of the Thirteenth General Assembly, 1902, the revenue laws, by an act of that body, were extensively revised, and the section as it appears in Mills’ was substantially re-enacted. Section 185, page 139, Session Laws . (extra session) 1902. Its final appearance is in the statutes of 1908, as above quoted.
From the foregoing it will be seen that the first important change in the section occurred in 1885, when the legislature made the changes mentioned, leaving the statute to read as fol *415 lows: “When the recovery is effected in all cases, the value of the improvements made on the land so sold, and all taxes paid after the sale thereof, with interest thereon at the rate of fifteen per cent per annum, shall be ascertained by the jury,” etc. We think the legislature, in amending the statute as shown, had but one object in view, which was to reduce the amount of interest recoverable upon taxes, paid by the purchaser subsequent to sale, from twenty-five per cent to fifteen per cent.
In the Session Laws of 1870, § 82, page 1x4, provision was made for the redemption of lands sold for taxes, in which it was provided that upon all taxes accruing after the sale, and paid by the purchaser, he was entitled to. recover thereon interest at the rate of twenty-five per cent.; and § 90, page 117, of the same act, provided that in case of redemption of lands sold for taxes, belonging 'to minors, idiots or insane persons, the purchaser was entitled to interest at the rate of twenty-five per cent per annum upon all taxes paid by him subsequent to the sale. But at- no time, from 1870 to the present, do we find any law entitling a purchaser at a tax sale to interest upon the value of improvements placed upon the premises after sale, unless such right is conferred by the section quoted from the Revised Statutes of 1908, which is- a substantial repetition of the act of 1885. When the legislature, in 1885, amended the act as above stated, it is apparent that they considered the amount of interest recoverable by a purchaser upon taxes paid subsequent to sale as too high and decided to reduce it from twenty-five to- fifteen per cent; and instead of retaining the phrase in the amended act, “as provided by law,” which required a resort to other provisions of the statute to ascertain the amount of interest recoverable, they adopted the speedier and more convenient plan of definitely stating in the repealing act itself the rate of stich interest.
Having concluded that the only purpose of the legislature in making the change just referred to was to reduce the rate *416 of interest recoverable upon taxes paid, the conclusion logically and necessarily follows that the legislature did not intend to impose a charge for interest upon improvements which had not theretofore been charged. The judgment of the trial court should’ therefore be affirmed.

Judgment affirmed.