[No. 4125.]

## HENRY V. SEMONIAN.

1. CORPORATIONS—*Liability of Stockholder for Corporate Debts.* One who, in good faith, purchases from the corporation, at less than par, shares of its stock originally full paid, is not liable to creditors of the corporation for the difference between the par value and what he paid. (492.)

2. —— *Stock—Full Payment Presumed.* It is presumed, nothing to the contrary appearing, that in its original issue the stock of a corporation is paid in full. (494.)

3. —— *Creditor's Action Against Stockholder—Burden of Proof.* In the action of a creditor of the corporation against a stockholder the burden of proof is upon the plaintiff to establish that the stock held by the defendant is not full paid. (492.)

*Error to Denver District Court.* HON. H. P. BURKE, Judge.

Mr. JOHN R. SMITH, Mr. H. B. WOODS, for plaintiff in error.

Mr. T. M. MORROW, for defendant in error.

HURLBUT, J., rendered the opinion of the court.

This action was begun February 21, 1907, by Armenag Semonian, defendant in error (plaintiff below), against George S. Henry, T. C. Henry, and Ellen C. Henry. Plaintiff recovered judgment against George S. Henry, the action

being dismissed at the trial as to the two other defendants. Exceptions were reserved, and the case is here by proper proceedings for determination. We will refer to the parties herein as designated in the complaint.

From the complaint it appears that the action was founded upon sec. 873, Revised Statutes, 1908, and was brought by a creditor of The Henry Investment Company, against defendants, as stockholders, to recover a judgment upon an alleged unpaid portion of their stock, in an amount sufficient to pay the indebtedness due from the company to the creditor. In addition to alleging the indebtedness of the company to the creditor, upon a number of separate causes of action, the amended complaint avers that on September 26, 1905, plaintiff, as creditor, recovered a judgment against said company, on such causes of action in the District Court of the City and County of Denver, in the sum of $1,500.18; that execution was issued thereon, placed in the hands of the sheriff, and returned by him wholly unsatisfied; that said company had no property or assets subject to execution, and that it was wholly insolvent. It is further averred in paragraph "nine" that on August 8, 1895, said defendant George S. Henry subscribed for, and had issued to him, one hundred and sixty-six shares of the capital stock of said corporation, for the payment of which said Henry gave his promissory note in the sum of $1,666; that on the 10th day of September, 1900, the said note was renewed and extended for one year from the last mentioned date; that on or about September 11, 1902, it was resolved by the board of directors that said Henry had made advances and rendered service to the company equivalent to the amount due on his note of $1,666, and that said note be cancelled and surrendered to said Henry in payment of said advances and services; that said note was thereupon cancelled and surrendered to Henry, and he never paid any other or further sum for said one hundred and sixty-six shares of stock—

and that there was then due from said Henry to the company on said stock the sum of $14,934.

The answer makes the following admissions: Admits the incorporation of the company; that the said judgment of September 26, 1905, was recovered against the company, as stated in the amended complaint; that the execution was issued thereon and returned unsatisfied, by the sheriff, as alleged in paragraph six of the amended complaint; that the capital stock of the company was one hundred thousand dollars, divided into one thousand shares of one hundred dollars each, as alleged in paragraph eight of the complaint; and that on August 8, 1895, George S. Henry subscribed for and had issued to him one hundred and sixty-six shares of the capital stock of the company. It is then averred in the answer that the stock was not delivered until on or about September 19, 1912; that on November 4, 1896, the company filed with the secretary of state, and the clerk and recorder of the then county of Arapahoe, its certificate of full-paid stock, in accordance with the laws of Colorado; that for a period of seven or eight years, beginning shortly before 1893 (date of incorporation), Henry had been rendering services, and performing work and labor for the company; and that when the said one hundred and sixty-six shares of stock were delivered to him in September, 1902, the corporation was indebted to him in an amount equal to the full par value of the stock, plus the amount due upon his note of $1,666. This last allegation was denied by the replication.

The nub of this controversy appears to be: As to creditors, was there at the time this action was instituted, an unpaid balance due from George S. Henry upon the one hundred and sixty-six shares of stock owned by him? The evidence upon this issue is meager. The only witness introduced by plaintiff at the trial was defendant T. C. Henry, whom he called as a witness for cross-examination under the statute, and the only substantial facts elicited from him were that he was a director and officer of the company, that the

minute book of the corporation (identified by him), contained the minutes of all the meetings of the stockholders and directors of the company, and that *all the stock of The Henry Investment Company that was issued was in fact fully paid up by transfer to the company of property* consisting mainly, or almost entirely, at the time of equities in irrigation projects, and other equities. Plaintiff then introduced in evidence, without objection, the minutes of the meetings of the board of directors of the company on the following dates: August 7, 1895, August 8, 1895, September 10, 1900, and September 11, 1902. The minutes of a meeting of the board of directors on September 3, 1903, were admitted in evidence, over defendants' objections. The minutes of the meetings on August 7, 1895, and September 10, 1900, do not appear to be of much importance in this issue.

The only evidence offered by defendants at the trial was the testimony of defendant T. C. Henry, who testified as stated.

The findings of the court are in part as follows:

"Doth find the issues herein joined in favor of the plaintiff and against the defendant George S. Henry, upon upon the issues made as to George S. Henry being the owner of unpaid capital stock of The Henry Investment Company, and that the plaintiff is a creditor of said corporation, all other issues being found against said plaintiff."

Section 873, R. S. '08, reads as follows:

"Each stockholder shall be liable for the debts of the corporation, to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time, to the extent of the balance unpaid by such stockholders upon the stock owned by them respectively, whether called in or not, as in cases of garnishment."

As above shown, T. C. Henry testified that "All the stock of The Henry Investment Company that was issued was in fact fully paid up by transfer to the company of property." This was not denied at the trial. In addition to this it is admitted in the pleadings that on November 4, 1896, the company filed with the proper officers a certificate of paid up stock of the company, as required by sec. 875, R. S. 1908. Assuming this evidence to have established *prima facie* that all of the stock of the corporation was full-paid, as contemplated by secs. 851 and 863, R. S. 1908, it then becomes necessary to examine the minutes referred to, and ascertain therefrom if they overcome or rebut such *prima facie* showing, and in doing so we need only consider the stock owned by the defendant George S. Henry, as the action was dismissed as to the other defendants. The following is from the minutes of August 8, 1895:

"On motion of Ellen C. Henry, duly carried, a proposition of G. S. Henry to give his note for $1,666 to the company in payment for 166 shares of the said stock of the company, to be issued to him, the said stock to be held by the company as collateral to the proposed note, was accepted."

There is no suggestion in this language, as we construe it, other than that said Henry made a proposition to buy the said one hundred and sixty-six shares of stock, par value $16,600, for the sum of $1,666. The proposition was accepted, and he gave his note accordingly. The language is plain and unambiguous, and establishes a clear contract between the parties, showing that Henry purchased the one hundred and sixty-six shares of the capital stock at an agreed price of $1,666. It is clear from the proposition submitted by Henry, and accepted by the company, as shown in the minutes just quoted, that the stock was issued to, and paid for by, Henry, at one and the same time. The evidence of T. C. Henry, that all stock issued was full-paid, stands undisputed. Defendants, at the trial, made a clear effort to prove, by their witness, T. C. Henry, the kind,

character and value, of the property so transferred to the company for its stock, but in such effort were met at every point by objections from plaintiff, and only partially succeeded in making such proof, because of the rulings of the court sustaining the objections made. The stock being full-paid as stated, and there being no fraud alleged or proven in the transaction referred to in the minutes, it becomes immaterial as to whether or not Henry paid only $1,666 for the one hundred and sixty-six shares. If stock in its original issue is full-paid, then there is no law or statute to which we have been referred, or of which we have knowledge, that prohibits a corporation from selling its stock in good faith for less than its par value. In such case the purchaser in good faith at less than par is not liable to the creditors for the difference between what he paid, and its par value. The rule seems to be well established by the general trend of authority that in the absence of statute or fraud a stockholder who obtains his stock in good faith is not liable to creditors for debts or obligations of the corporation; and it seems to be equally well settled that when a creditor seeks to hold a stockholder for indebtedness of the corporation under a statute similar to the one we are considering, the burden of proof is upon him to clearly establish the fact that the stock held by the stockholder sought to be charged is not full-paid, at least to the extent of his claim. If the creditor fails in this regard he cannot recover. *Speer v. Bordeleau,* 20 Colo. App., 413, 79 Pac., 332.

The case of *Merrill v. Timbrell,* 123 Ia., 375, 98 N. W., 879, is a well considered case involving facts quite similar in their import to those of the case at bar. In that case one Lofland, a former secretary of the corporation in question, testified that the stock was full-paid. This evidence being undisputed, the court held that it would have been error if the verdict had been in favor of the creditor.

Plaintiff in his brief construes the language of these minutes as conclusively establishing the fact that $1,666 was

all that was ever paid for the stock, and that the difference between that amount and its par value was still due and owing by defendant George S. Henry.   In other words, he assumes that the minutes conclusively refute the testimony of T. C. Henry, to the effect that all the stock issued by the company was full-paid.   We do not place that construction thereon.   We discover nothing, in the language used, to indicate that this issue of one hundred and sixty-six shares was the original issue of the same.   It is a warranted presumption, well sustained by authority, that those shares were full-paid at the date the meeting was held, and this presumption, in the absence of a record showing to the contrary, would continue even if Henry had not testified on the point.   That part of the minutes stating that "George S. Henry had made advances for the company and rendered services fully equivalent to the amount due on his note of $1,666," does not preclude the interpretation that the advances made and services rendered may have been to an amount far in excess of said sum.   The language used does not limit the amount of such advances and services to the face value of the note.   An inference that such advances and services might have been equal in amount to the full par value of the stock, plus the face of the note, would not violate the letter or spirit of the language used in the minutes. We discover nothing therein disproving Henry's testimony that the stock was full-paid.

It must be kept in mind that George S. Henry was not called upon to prove anything in the first instance.   The burden was upon plaintiff to make full, clear and satisfactory proof that Henry owned stock of the company upon which the par value thereof, to the amount of the judgment, had never been paid in money or money's worth.   Failing in this, plaintiff could not recover.   To do so, he must, by proper pleading and proof, bring himself within the statute. As well said by the court in *Merrill v. Timbrell, supra:*

"That defendant was a subscriber to $2,500 of the stock of the company was conceded on the trial, and the vital question of fact presented was whether any part of that subscription was unpaid. Upon that proposition the burden was on the plaintiff. We do not think the action is one in which defendant is obliged to plead and prove payment. The defendant was not, and never has been, in the strict sense of the word, the debtor of plaintiff. In the absence of any showing to the contrary, it was to be presumed that the stock was paid up. * * * It was for the plaintiff, therefore, to bring himself within the benefit of the statute, not only by proof of the defendant's subscription to the stock, but by showing, as well, that there was still something due and unpaid thereon."

In his brief, plaintiff claims that, by admitting the allegations of paragraph eight of the amended complaint, defendants. pleaded themselves out of court. That might probably be the case if the printed abstract correctly disclosed the record as to said paragraph. On reading the transcript, we discover that paragraph eight only alleges the amount of capital stock of the company, and its division into one thousand shares of one hundred dollars each  The remaining allegations, erroneously stated in the abstract as being a portion of that paragraph, are found in paragraph nine of the transcript, all of which are denied by the answer.

Upon consideration of the entire record, we are satisfied that plaintiff clearly failed to establish, by sufficient proof, the liability of defendant George S. Henry under the statute in question.

The judgment is reversed and the case remanded.

Decided July 14, A. D. 1915.  Rehearing denied July 28, A. D. 1915.